Argued May 16, reversed and remanded for resentencing July 5, 1978

# STATE OF OREGON, *Respondent,*
## *v.*
# ROBERT DEAN GALE, *Appellant.*
## (No. 17 768, CA 10049)
### 580 P2d 1036

James E. Mountain, Jr., Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

SCHWAB, C. J.

[ 4 ]

## SCHWAB, C. J.

In August 1977, defendant pleaded guilty to a felony. The trial judge suspended imposition of sentence under the authority granted by ORS 137.010 and placed defendant on probation for a period of five years. In January 1978, after defendant had been convicted of an unrelated crime and sentenced by a different trial judge, the judge who had granted probation in 1977 revoked it and sentenced the defendant to a term of imprisonment. The court did not have before it a presentence report prepared by the Corrections Division as required by ORS 144.790(1).[1] The statute is mandatory as to all sentences imposed after its effective date, October 4, 1977. *See State v. Dinkel,* 34 Or App 375, 579 P2d 245 (1978).

The state argues that it is not at all clear that the statute requires a presentence report at the time the trial court conducts a hearing on whether probation should be revoked. There might be substance to the state's contention if the 1977 judgment order had imposed sentence and suspended execution rather than suspended imposition of sentence—but that is not the situation here.

The state argues that since defendant made no objection to the absence of a presentence report at the time of sentencing, he in effect waived the requirements of the statute. *State v. Biles,* 34 Or App 531, 579 P2d 259 (1978), holds the requirement is mandatory and cannot be waived.

---

[1] ORS 144.790(1) provides:

"Whenever any person is convicted of a felony, the Corrections Division shall furnish a presentence report to the sentencing court. If a presentence report has previously been prepared by the Corrections Division with respect to the defendant, the division shall furnish a copy of that report, and a supplement bringing it up to date, to the sentencing court. The reports shall contain recommendations with respect to the sentencing of the defendant, including incarceration or alternatives to incarceration whenever the Corrections Division officer preparing the report believes such an alternative to be appropriate. All recommendations shall be for the information of the court and shall not limit the sentencing authority of the court."

[ 5 ]

■   Lastly, the state points out that the trial judge who had presided over the proceedings resulting from the defendant's later crime did have a presentence report which both defendant's attorney and the prosecutor alluded to at the time of the sentencing with which we are here concerned. The record does not indicate that, by this method, the entire contents of the presentence report were brought to the attention of the trial judge. On the contrary, it indicates that the omissions were substantial. Such fragmentary references do not satisfy the statutory requirement.

Reversed and remanded for resentencing.