Argued June 20, reversed and remanded for resentencing July 18,
reconsideration denied August 30, 1978, petition for review
denied February 13, 1979

STATE OF OREGON, *Respondent,*

*v.*

ROYAL JONES, *Appellant.*

(No. C 74-06-1643 Cr, CA 10175)

581 P2d 110

James E. Mountain, Jr., Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Defendant pleaded guilty to a charge of burglary in the second degree in September, 1974. At the sentencing hearing, the trial court suspended imposition of sentence and placed the defendant on five years' probation. In December, 1977, a probation revocation hearing was held in which the court revoked defendant's probation and sentenced him to a term of five years' imprisonment. No presentence report was ever prepared on the defendant; however, defendant's probation officer did testify at the probation revocation hearing regarding the defendant's behavior during his probation.

On appeal, defendant argues that the trial court erred in failing to obtain and consider a presentence report as required by ORS 144.790(1). The state contends that no such report was necessary (1) because the defendant's probation officer was able to provide the court with any information that would have appeared in such a report; and (2) because ORS 144.790(1) does not require a presentence report to be prepared at the time of imposition of sentence following revocation of probation. We answered both of these contentions to the contrary in *State v. Gale,* 35 Or App 3, 580 P2d 1036 (1978).

Reversed and remanded for resentencing.