Argued January 18, affirmed February 20, 1979

STATE OF OREGON, *Respondent,*
*v.*
WILLIAM GUSTAFSON, *Appellant.*
(No. 7771, CA 11960)
590 P2d 733

David E. Groom, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

In 1972, defendant was sentenced to four years' imprisonment. Execution of the sentence was suspended and defendant was placed on probation. In August, 1978, defendant's probation was revoked, and the trial court ordered that the previously imposed suspended sentence be executed. Defendant appeals, contending that the trial court erred in revoking defendant's probation and ordering execution of the suspended sentence without a supplemental presentence report prepared pursuant to ORS 144.790(1). We affirm.

ORS 144.790(1) provides:

> "Whenever any person is convicted of a felony, the Corrections Division shall furnish a presentence report to the sentencing court. If a presentence report has previously been prepared by the Corrections Division with respect to the defendant, the division shall furnish a copy of that report, and a supplement bringing it up to date, to the sentencing court. The reports shall contain recommendations with respect to the sentencing of the defendant, including incarceration or alternatives to incarceration whenever the Corrections Division officer preparing the report believes such an alternative to be appropriate. All recommendations shall be for the information of the court and shall not limit the sentencing authority of the court."

In *State v. Gale,* 35 Or App 3, 580 P2d 1036 (1978), we held that a trial court had acted in violation of ORS 144.790(1) by *imposing* a sentence without a presentence report after revoking a defendant's probation. At the time the defendant was placed on probation in *Gale,* imposition of sentence was suspended. In this case, conversely, sentence was imposed at the time the defendant was placed on probation, and the execution of that sentence was suspended. We stated in *Gale:*

> "The state argues that it is not at all clear that the statute requires a presentence report at the time the trial court conducts a hearing on whether probation

should be revoked. There might be substance to the state's contention if the 1977 [probation] judgment order had imposed sentence and suspended execution rather than suspended imposition of sentence—but that is not the situation here." 35 Or App at 5.

We are now confronted with the situation which was not before us in *Gale.* ORS 137.550(2) provides, as pertinent, that upon revoking probation the court may

"* * * cause the sentence imposed to be executed or, if no sentence has been imposed, impose any sentence which originally could have been imposed."

When, as here, a court does no more than order execution of a previously imposed suspended sentence, it is not imposing sentence or acting as a "sentencing court" within the meaning of ORS 144.790(1). *See State v. Stevens,* 253 Or 563, 456 P2d 494 (1969). That statute's requirement of a presentence report consequently does not apply.

Affirmed.