Argued April 19, reversed and remanded
with instructions September 4, 1979

## STATE OF OREGON,
*Respondent,*
*v.*
## DONALD HOVATER,
*Appellant.*
(Nos. 77-108C, 77-109C, CA 10659)
(Consolidated Cases)
599 P2d 1222

Marianne Bottini, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

James M. Brown, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Buttler and Joseph, Judges.

THORNTON, J.

## THORNTON, J.

Defendant appeals from his conviction after jury trial on two charges of Criminal Activity in Drugs, the first involving peyote, and the second, marijuana. The trial court suspended imposition of sentence and placed defendant on probation for a period of five years under conditions set forth in the margin,[1] including a provision that defendant be confined in the county jail for a total of 30 days, to be served on consecutive weekends. On appeal defendant contends that the trial court erred in the following particulars:

1) Holding that defendant's statements to police following his arrest were voluntary.

2) Holding that a drug identification kit carried by a police witness which was visible to the jury and which bore the legend "Stop Drug Traffic" on the outside was not grounds for mistrial.

3) Allowing cross-examination of defendant regarding similar prior sales of marijuana or peyote by defendant from his residence.

---

[1]
"1. That he obey all state and federal laws and municipal ordinances;

"2. That he be confined in the Klamath County jail for a period of thirty (30) days, said time to be served on consecutive weekends from 8:00 A.M. Saturdays to 7:00 P.M. Sundays;

"3. That he is not to disrupt the jail;

"4. That he is not to appear if intoxicated, in the judgment of the jail; will agree to a test for intoxication at the jail if requested to do so;

"5. That he will not bring contraband into the jail or take it out of the jail;

"6. That he will submit to drug counseling through Mental Health at the discretion of his probation officer;

"7. That he submit to regular polygraph examinations during probation at the request of the probation officer;

"8. That he is subject to a search of any residence in which he is living and any vehicle in which he is traveling and to a search of his person without a search warrant, said search to be at the direction of the probation officer or anyone he may ask to assist; said search to be for the purpose of getting evidence for probation revocation;

"9. That he repay Klamath County for his court-appointed attorney fees in the amount of $500.00."

[15]

4)   Failing to state on the record its reasons for the sentence.

5)   Lack of any basis for the probation conditions fixed by the court.

The essential facts are as follows:   The Klamath Interagency drug team in the course of investigating drug traffic in the county received information that a Charles Ralph was a local drug dealer and that defendant had been securing drugs from him.

Officers Simon and Cooper of the State Police executed a search warrant of defendant's residence on April 4, 1977. Defendant was working at the time but his wife and two small children were at home. Officer Simon advised Mrs. Hovater of the serious consequences of a conviction for possession of over an ounce of marijuana, including incarceration and separation from her children. The officers then left but returned shortly after defendant had come home from work. They advised defendant of his rights and of the seriousness of the charge, including incarceration for both defendant and his wife and separation from the children. The search turned up a plastic bag containing nine individually wrapped two gram packets of marijuana, between one-half pound and one pound of marijuana seeds, stems and leaves, several peyote buttons, $106 in cash, two scales, and other items. Officer Simon then requested information on defendant's supplier. After defendant disclosed that Ralph was his supplier, the officer telephoned the district attorney and informed him that defendant was willing to cooperate in the apprehension and arrest of Ralph. It was then agreed that if defendant would perform as promised, defendant would not go to jail but would be cited into court. Pursuant to this understanding defendant thereafter did make a purchase of marijuana and LSD from Ralph, who was then arrested.

In testifying in his own behalf, defendant acknowledged ownership of small quantities of marijuana and

seeds but denied knowledge of other exhibits containing marijuana. He said that the peyote was given to him by some friends and he and his wife had forgotten about its presence.

At trial the court conducted a *Jackson-Denno*[2] hearing out of the presence of the jury, following which it made the following findings:

> "The Court finds beyond a reasonable doubt that the defendant made the asserted statement after having been adequately advised of all of his rights as required by the Miranda case and finds that he was not in custody at the time that he made the statements and finds that there were certain coercive circumstances present at the time but not in excess of anyone who is in the process of being cited for a serious charge and that his decision to make the statement was a considered one and that he voluntarily waived the rights that he had. With respect to the inducement by the officer in the manner of the negotiations, the Court finds that they were not sufficient to overcome the defendant's free will and that the statements may be revealed to the jury. And also the issue of voluntariness or not be submitted to the jury as well. We will take a short recess."

The thrust of defendant's contention as to statements he made to the police is that these were extracted from him as a result of the duress placed on him and his wife by the officers, namely, the likelihood of going to jail and losing custody of their small children if they didn't cooperate.

Based on our examination of the record we reach the following conclusions:

■ 1) VOLUNTARINESS OF DEFENDANT'S STATEMENTS: There is substantial evidence to support the trial judge's findings, and based on these findings we agree that defendant's statements to the police following the arrest were voluntary under the totality of the circumstances. We find no error. *State v. Warner,* 284 Or 147, 585 P2d 681 (1978); *Ball v.*

---

[2] *Jackson v. Denno,* 378 US 368, 84 S Ct 1774, 12 L Ed 2d 908 (1964).

*Gladden,* 250 Or 485, 487, 443 P2d 621 (1968); *State v. Evans,* 1 Or App 486, 463 P2d 378, *rev den* (1970).

2) "STOP DRUG TRAFFIC" SIGNS: The court did not err in denying defendant's motion for a mistrial following discovery that the signs on the drug identification kit stating "Stop Drug Traffic" were visible to the jury during a portion of the trial. The court found that the exposure of the signs was not "a wilful effort on the part of the prosecution to prejudice the defendant." Further, the trial judge gave a curative instruction. We are satisfied that the incident did not deprive defendant of a fair trial.

3) CROSS EXAMINATION RE OTHER CRIMES: It was not error to permit the state to ask defendant on cross-examination if he had previously sold marijuana or peyote from his residence. Defendant had testified on direct examination that he had no knowledge of the marijuana, packets of marijuana and narcotics paraphernalia found at his residence, except for the small amounts of marijuana kept for the personal use of himself and his wife. This was proper rebuttal on the issue of guilty knowledge. *State v. Keith,* 2 Or App 133, 465 P2d 724, *rev den* (1970). *See also State v. Asher,* 24 Or App 491, 546 P2d 762, *rev den* (1976).

4) REASONS FOR SENTENCE: There is no requirement of a statement of reasons where the court places defendant on probation rather than imposing a sentence. ORS 137.120(2). *See State v. Gustafson,* 38 Or App 437, 590 P2d 733 (1979).

5) BASIS FOR CONDITIONS OF PROBATION: In *State v. Cindy Hovater,* 37 Or App 557, 564-65, 588 P2d 56 (1978), the companion case involving this defendant's wife, we held that it was necessary for the trial judge to show a factual basis in the record for imposing probation conditions that the wife must submit to polygraph tests and warrantless searches. *See also State v. Age,* 38 Or App 501, 590 P2d 759 (1979). Therefore we remand to permit the court to determine

[18]

what conditions of probation are reasonably related to defendant's offense and needed for an effective probation.

Reversed and remanded with instructions.