On appellant's reconsideration filed October 8, former
opinion filed September 10, 1979 (42 Or App 78, 598 P2d 1308),
reconsideration allowed, reversed January 28, 1980

# STATE OF OREGON,
*Respondent,*

*v.*

# STEPHEN RICHARD WILCOX,
*Appellant.*

## (No. 73-2646, CA 13797)

605 P2d 721

[173]

Wayne E. Allen, Eugene, for petition.

No appearance contra.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

TANZER, P. J.

## TANZER, P. J.

Defendant appealed the revocation of his probation, contending that illegally seized evidence was erroneously admitted in the revocation hearing. We affirmed without opinion, citing *State v. Nettles,* 287 Or 131, 597 P2d 1243 (1979). Defendant petitioned for review in the Supreme Court and under Rule 10.10 the cause is automatically before us on reconsideration. Defendant correctly contends that *Nettles* is distinguishable and, accordingly, we allow reconsideration. We reverse and order the exclusion of the evidence in question.

In June, 1974, defendant was convicted of Criminal Activity in Drugs and placed on five years' probation. One of the conditions of the Order of Probation and Sentence is that defendant "permit a search of his person or premises at any time by law enforcement officers or his probation officer."

Police officers of the Lane Inter-Agency Narcotics Team (LINT), an organization of drug law enforcement agencies, suspected defendant of having a methamphetamine laboratory at his residence and they kept defendant under surveillance. Detective Kester, assigned to LINT, advised defendant's probation officer of the surveillance and invited him and his supervisor to accompany the police on the raid of defendant's laboratory. Defendant's probation officer, with the permission of his supervisor, cooperated to the extent of providing Kester with a copy of defendant's probation order containing the search condition.

The police conducted a warrantless search of defendant's residence. They found defendant and others in a bathroom laboratory. Defendant was arrested and evidence was seized. Defendant was then indicted for drug-related crimes, but the charges were dismissed when the court granted defendant's motion to suppress the evidence seized in the unlawful search.

Defendant also moved in this probation revocation proceeding to suppress the evidence seized in the

search. The motion was denied. The court held that "whether or not the evidence was seized legally or illegally [it is] admissible in a probation revocation hearing." That is the ruling challenged in this appeal.

A "probationer is a free person possessed of all civil rights except those which are taken away from him for probationary purposes," *State v. Culbertson,* 29 Or App 363, 369, 563 P2d 1224 (1977). Therefore there must be judicial authorization or other legal justification for the intrusion upon defendant's privacy.

There was no showing of exigency and the investigating officers had time to obtain a search warrant. Defendant's consent was neither asked nor given. The warrantless search cannot be based on either of these justifications and the state does not so contend.

The officers decided to rely upon the condition of probation that required defendant to consent to a search at any time as the sole legal authorization for their search. That reliance was incorrect, however, because the terms of the condition are directed to defendant's granting or witholding permission; the condition does not purport to authorize police action.[1] The search was thus without legal justification. Therefore, as the trial court correctly concluded, the issue is exclusion.

The applicability of the exclusionary rule in probation proceedings is not entirely settled. Its resolution depends on whether exclusion of evidence would have the desired deterrent effect of curbing police misconduct. This benefit is balanced against the possible harm the exclusion would have on the public purpose served by probation proceedings. *State v. Nettles,* 287 Or at 136.

In *State v. Nettles* the Supreme Court held illegally seized evidence to be admissible where the officers

---

[1] We have held that probationary requirements of submission to searches by officers other than probation officers are erroneous, *State v. Hovater,* 42 Or App 13, 599 P2d 1222 (1979), but this order was not challenged by timely appeal. We assume for argument that it is valid.

[176]

involved in the unlawful search and seizure did not know that the defendant was on probation. The court recognized that the exclusionary rule is a preventative measure, rather than a personal remedy. It then declined to apply the exclusionary rule because the deterrent effect of excluding such evidence from criminal proceedings would not be further advanced by excluding the evidence from probation proceedings if the investigating officers were unaware of a suspect's vulnerability to probation revocation. The court reserved the question of the exclusionary rule's applicability where the investigating officers know of the suspect's probation status. The implication of the opinion is that exclusion of evidence is appropriate in probation revocation proceedings where to do so would have a beneficial deterrent effect.

We do not need to decide if knowledge by the police of a person's probation status alone would trigger the exclusionary rule; here there is more. Although the primary objective of the police officers apparently was to obtain evidence for a new prosecution, and they did so, it is uncontroverted that the legal method they chose was based solely upon the authority of the state to supervise its probationers. The police action was therefore directly dependent on and related to defendant's probation. Application of the exclusionary rule to the resulting probation revocation proceeding would have the effect of deterring the police from making unauthorized searches based solely upon the means provided by law for the purpose of probation supervision and revocation. Therefore, extending the reasoning in *Nettles,* we conclude that the motion to suppress evidence in the revocation proceeding should have been granted.

Petition for reconsideration allowed. Reversed.