Argued and submitted July 19, sentences vacated, and remanded for resentencing October 2, 1985

## STATE OF OREGON,
*Respondent,*

*v.*

## BRIAN ELTON HEATH, PETER SWANSON, STEVEN J. PETERSON, and MARY BETH NEARING,
*Appellants.*

(8407-1540m; CA A34369)

706 P2d 598

Glenda L. Green, Albany, argued the cause and filed the brief for appellants.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Young, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

In July, 1984, defendants obstructed truck traffic by blocking a forest road with their bodies. They were protesting against Willamette Industries' logging operations in the Pyramid Creek Cathedral Forest. They pleaded no contest to charges of disorderly conduct; they appeal the sentence imposed.[1]

The trial court, *inter alia,* ordered defendants to pay restitution to Willamette Industries and sentenced them to probation. Besides attaching the general probation condition that they obey all laws, the court also included a special condition requiring them to stay out of the Pyramid Creek area.

The restitution ordered amounted to $766.50. The court based its calculation, in part, on lost truck time at a rate of $38 per hour for the 8 hours and 45 minutes that defendants had blocked the road. Willamette Industries indicated that that is its estimated cost, including labor, fuel, tires and other ownership costs, whether the trucks are running or sitting still. In addition, the restitution included an award for supervisory time. Four supervisors spent a total of 13.35 hours dealing with the protest. The court based the restitution amount on Willamette Industries' estimated supervisory pay rate of $32 per hour. It determined that amount by taking the monthly salaries of all of its supervisory employes, adding fringe benefits and dividing that total by the number of supervisors. Willamette Industries did not have to pay its supervisors any additional amounts for dealing with the protest but claimed that they could have been performing other work during that time.

Defendants first argue that the trial court erred in ordering restitution based on Willamette Industries' claims, because the restitution statutes only allow recovery for special damages caused by criminal conduct. We agree.

ORS 137.106(1) allows a court to order a defendant to

---

[1] Defendants incorrectly appealed under *former* ORS 138.040. We have jurisdiction to review the sentence order under *former* ORS 138.050, which allows a defendant who pleads no contest to appeal a sentence that is cruel, unusual or excessive in light of the nature and background of the offender or the facts and circumstances of the offense. *But see* Or Laws 1985, ch 348.

pay restitution to the victim "when a person is convicted of criminal activities which have resulted in pecuniary damages * * *." ORS 137.103(2) defines pecuniary damages as:

> "All special damages, but not general damages, which a person could recover against the defendant in a civil action arising out of the facts or events constituting a defendant's criminal activities and shall include, but not be limited to, the money equivalent of property taken, destroyed, broken or otherwise harmed and losses such as medical expenses and costs of psychological treatment or counseling."

The statutory definition restricts recovery to special damages only by way of expenses actually incurred and readily measurable and future expenses reasonably predictable. *State v. Hart,* 299 Or 128, 135, 699 P2d 1113 (1985). The estimated cost per hour to Willamette Industries for its logging trucks existed independently of the protest action. It incurs the cost whether the trucks are running or sitting still; that cost does not constitute an expense actually incurred as a result of defendants' activities.

■ ■    The average cost of supervisory time committed to the protest action does not constitute an actual expense incurred as a result of defendants' protest actions either. If a victim suffers inconvenience, but no financial loss attributable to the crime, then no pecuniary damage exists. *State v. Tuma,* 292 Or 194, 196, 637 P2d 614 (1981). Willamette Industries would have had to pay its supervisors the same average hourly rate whether they had dealt with the protest or not. It experienced the inconvenience of not having its supervisors available for other work while dealing with the protest, with the consequent diversion of paid-for effort, but the inconvenience does not amount to pecuniary damage.

■    Defendants also argue that the trial court improperly ordered the special probation condition requiring them to stay out of the Pyramid Creek area. ORS 137.540(2) allows a court to "impose special conditions of probation for the protection of the public or reformation of the offender or both * * *." Conditions of probation are invalid unless they reasonably relate to the offense for which the defendant was convicted or to the needs of making probation effective. *State v. Age,* 38 Or App 501, 507, 590 P2d 759 (1979). In addition, a trial court must declare on the record the reasons underlying its exercise

of discretion in designing the terms of probation so that we can review the probation conditions. *State v. Hovater,* 37 Or App 557, 562, 588 P2d 56 (1978); *State v. Hovater,* 42 Or App 13, 18, 599 P2d 1222 (1979). Defendants argue that the special condition is not reasonably necessary to serve the ends of their probation. The trial court did not state on the record its reason for the probation condition, leaving us without a basis to review its reasonableness. Therefore, we remand to allow the trial court to develop a factual basis in the record for imposing the special condition of probation.

Sentences vacated; remanded for resentencing.