Argued and submitted February 28, affirmed April 25, 1990

STATE OF OREGON,
*Respondent,*

*v.*

KAREN LOUDEN,
*Appellant.*

(54658; CA A61379)

790 P2d 1182

Henry M. Silberblatt, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Acting Public Defender, Salem.

Keith W. Wingfield, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

**ROSSMAN, J.**

Defendant appeals her conviction for criminal mischief in the third degree. ORS 164.345. She contends that the court erred in requiring that she pay $116.79 in restitution as a condition of probation.[1] We affirm.

Defendant admitted tampering with the electricity meter at her residence in order to obtain electricity after the power was shut off. After accepting her guilty plea, the trial court suspended imposition of sentence, placed her on probation for one year and ordered as a condition of probation that she pay $116.79 as restitution to the victim, McMinnville Water & Light Company. That amount included $94.62 for labor and service costs expended to repair the electric meter.

Defendant argues that the court erred in including the company's labor and service costs in the amount of restitution ordered. Relying on *State v. Heath,* 75 Or App 425, 706 P2d 598 (1985), she asserts that a victim cannot recover as restitution hourly wages of employees that it would have had to pay, regardless of a defendant's conduct. Because the company would have had to maintain its equipment and pay its employees even if she had not tampered with the electric meter, she contends, it cannot recover the cost of the labor and service that it expended to repair it. The state agrees that *Heath* controls and concedes that the judgment should be reversed.

We reject the state's concession. ORS 137.106(1) permits a court to order a defendant to pay restitution to the victim "[w]hen a person is convicted of criminal activities which have resulted in pecuniary damages." Under ORS 137.103(2), pecuniary damages are

> "all special damages, but not general damages, which a person could recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities and shall include, but not be limited to, the money equivalent of property taken, destroyed, broken or otherwise harmed, and losses such as medical expenses and costs of psychological treatment or counseling."

---

[1] Because defendant pled guilty, we review the condition of probation under ORS 138.040. *State v. Donovan,* 307 Or 461, 770 P2d 581 (1989).

In limiting a victim's recovery to special damages, ORS 137.103(2) applies only to expenses that are actually incurred, easily measurable and, in the case of future expenses, reasonably predictable. *State v. Hart,* 299 Or 128, 135, 699 P2d 1113 (1985). Because labor costs were part of the expense actually incurred by the company in repairing the damage caused by defendant, they are recoverable under ORS 137.106(1).

*State v. Heath, supra,* does not require a different result. In *Heath,* the defendants were convicted of disorderly conduct after they protested certain logging operations by using their bodies to block log truck traffic on a forest road. The trial court ordered restitution to the victim company, including the cost of lost truck and supervisory time that resulted from the protest. We reasoned that the estimated cost per hour of running the trucks did not constitute an expense actually incurred as a result of the defendant's activities, because that amount was the same, whether the trucks were running or sitting still. 75 Or App at 428. Similarly, although the protest diverted company supervisors from other work, the company did not have to pay them "any additional amounts for dealing with the protest." 75 Or App at 427. We held that, because the labor costs ordered as restitution did not represent financial loss directly attributable to the defendants' criminal conduct, they were not pecuniary damages. 75 Or App at 428.

That is not the situation in this case. Instead of merely preventing the victim's employees from working, defendant created additional work for them by tampering with the meter. The wages that the company paid to repair the meter constituted the expense actually incurred as a result of her criminal conduct. It follows that the trial court did not err in including labor and service costs in the restitution amount.[2]

Affirmed.

---

[2] We also reject defendant's contention that the trial court did not comply with ORS 137.106 by failing to make findings regarding her ability to pay restitution. ORS 137.106 requires that, in determining whether it should order restitution, a court must consider several factors, including the defendant's ability to pay. The record is clear that, in ordering defendant to pay the company restitution, the court considered the appropriate statutory factors.