Argued and submitted February 27, affirmed April 3, 1991

STATE OF OREGON,
*Respondent,*

*v.*

COREY ANDREW LINDSLY,
*Appellant.*

(C8906-33347; CA A63293)

808 P2d 727

Sally L. Avera, Public Defender, Salem, argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were David B. Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals the imposition of restitution in the amount of $36,840 after his conviction for computer crime. ORS 164.377. He admitted that he had knowingly and fraudulently gained access to and used a computer and part of a computer network owned by Pacific Northwest Bell. He argues that $1,000 in long distance phone calls was the only expense attributable to his criminal activity. Consequently, he contends that the remaining $35,840 in investigative expenses incurred by the telephone company is not an injury that qualifies as pecuniary damages under ORS 137.103(2).[1]

ORS 137.106(1) authorizes a court to impose restitution when a person's criminal activity results in pecuniary damages. In *State v. Louden,* 101 Or App 367, 790 P2d 1182 (1990), the defendant was convicted of tampering with the electricity meter at her residence to obtain electricity unlawfully. We upheld an order for $116.79 as restitution, because labor and service costs in repairing the meter were expenses actually incurred by the power company as a direct result of the defendant's criminal activity.[2]

Although the damages incurred by the victim here are

---

[1] ORS 137.103(2) defines pecuniary damages as

"all special damages, but not general damages, which a person could recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities and shall include, but not be limited to, the money equivalent of property taken, destroyed, broken or otherwise harmed, and losses such as medical expenses and costs of psychological treatment or counseling."

Defendant does not appear to dispute that, if the investigatory expenses were directly attributable to his criminal conduct, they would be recoverable as special damages in a civil action. Instead, he contends that those expenses are merely incidental to, and not the result of, his crime. Defendant's other arguments do not merit discussion.

[2] In *Louden,* we distinguished *State v. Heath,* 75 Or App 425, 706 P2d 598 (1985), in which we vacated an order for restitution to the victim logging company by protesters who used their bodies to block a logging road. In *Heath,* we had held that the labor costs were not directly attributable to the defendants' criminal conduct, because the costs were based on lost truck and supervisory time. We reasoned that the victim would have incurred the costs regardless of the defendants' conduct, because the costs would have been the same whether the trucks were running or standing still. Thus, the defendants merely prevented the victim from working in that particular area and did not preclude work from being diverted to another area. No physical damage was done by the defendants that would have required special repair work. In contrast, the defendant in *Louden* created repair work in addition to, and independent of, normal activities because of the physical damage done to the meter.

significantly greater than in *Louden,* the same principle governs. The victim suffered more than an "inconvenience," *see State v. Tuma,* 292 Or 194, 196, 637 P2d 614 (1981), or a temporary restriction on its work activities. *See State v. Heath, supra* n 2. Investigation of defendant's computer system break-in required expertise and specialized technology. Defendant caused damage to the system, because he retrieved and used valid passwords, which had to be replaced. As the state's brief explains, "because computer crime cannot effectively be investigated or countered without diverting substantial resources within the victim corporation, the consumption of those resources is a damage directly attributable to defendant's criminal activities." The investigatory expenses qualify as pecuniary damages under ORS 137.103(2).

Affirmed.