Argued and submitted April 12, appeal in CA A76192 dismissed; CA A74297 affirmed
December 22, 1993

# STATE OF OREGON,
*Appellant,*

*v.*

# JEFFREY WAYNE HINDMAN,
*Respondent.*

(92-1001, 89-1203; CA A74297 (Control), A76192)
(Cases Consolidated)

866 P2d 481

Janet A. Metcalf, Assistant Attorney General, argued the cause for appellant. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

Steven L. Price argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, P. J.

## DEITS, P. J.

The state appeals from two orders suppressing evidence seized during a search conducted pursuant to a condition of defendant's probation.

In 1989, defendant was indicted for possession and manufacture of a controlled substance (marijuana). ORS 475.992. As part of a plea agreement, defendant pleaded guilty to possession, and the state dismissed the manufacturing charge. The state and defendant agreed on a condition of probation under which defendant would be subject to "truly random" searches at the discretion of his probation officer. The sentencing order, however, provided that defendant would "[s]ubmit to [s]earch of person, vehicle, property and residence upon request of probation *or police officer* or therapist at random." (Emphasis supplied.) On November 20, 1991, under the authority of that condition and without probable cause, police conducted a search of defendant's residence and seized approximately 56 grams of marijuana. Based on that evidence, the state sought revocation of defendant's probation and filed new criminal charges against him. In response to defendant's motions to suppress the evidence, the trial court held that the probation condition authorizing the search was too broad and ordered the evidence suppressed in both defendant's probation revocation hearing and the proceeding on the new charges.

■ The state relies on ORS 138.060(3) as the statutory basis for both appeals, although it acknowledges that in *State v. Baxley*, 27 Or App 73, 555 P2d 782 (1976), we held that ORS 138.060(3) does not authorize the state to appeal evidentiary rulings in probation revocation proceedings.[1] The state argues that *Baxley* no longer applies because of changes in the statutes governing criminal appeals. We do not agree that the changes affect our prior decisions holding that the state lacks statutory authority to appeal the trial court's order in the probation revocation hearing.

---

[1] ORS 138.060 provides:

"The state may take an appeal from the circuit court or the district court to the Court of Appeals from:

"* * * * *

"(3) An order made prior to trial suppressing evidence[.]"

As to the court's allowance of the motion to suppress in the criminal proceeding, the state makes a two-part argument to justify the legality of the search. First, it concedes that a sentencing court may not impose random police searches as a condition of probation, ORS 137.540(2)(m); *State v. Smith*, 117 Or App 473, 844 P2d 276 (1992), but argues that defendant agreed to the condition as part of a plea agreement and, therefore, cannot challenge it as improper. Next, the state contends that by agreeing to the condition, defendant effectively waived his right to be free from unreasonable searches and prospectively consented to any police search.

■■ In *State v. Hovater*, 37 Or App 557, 588 P2d 56 (1978), we discussed the role of the trial court when a defendant has agreed to a condition of probation as part of a plea agreement. We said:

> "The court has continuing jurisdiction over the probationer and may revoke the probation if the terms and conditions are not met. It follows that when a court imposes a term of probation, with the attendant condition, it is not merely formalizing the agreement of the parties, it is exercising statutory discretion. *Whatever the parties may have agreed upon the court must impose proper conditions of probation.*" 37 Or App at 563. (Emphasis supplied.) *See also State v. Age*, 38 Or App 501, 507, 590 P2d 759 (1979).

Thus, the fact that a defendant has agreed to an improper condition of probation does not give the sentencing court the authority to do what it is otherwise unauthorized to do.[2] Nonetheless, defendant did not object to the condition, nor did he appeal the sentencing order or seek post-conviction relief.[3] Accordingly, he may not now challenge the imposition of the condition. *See State v. Beavers*, 121 Or App 594, 856 P2d 332 (1993); *State v. Hovater, supra*, 37 Or App at 561.

---

[2] We express no opinion as to whether defendant "agreed" to the condition as written in the sentencing order.

[3] Defendant committed the offense after November 1, 1989. We do not decide whether we could have reviewed an improper condition of probation that resulted from a plea agreement. ORS 138.053(1)(c); ORS 138.222(2)(d); *see State v. Adams*, 315 Or 359, 847 P2d 397 (1993); *State v. Kilborn*, 120 Or App 462, 852 P2d 935 (1993).

■   Although we conclude that defendant may not challenge the imposition of the probation condition, the question remains whether he may challenge a search conducted under the authority of that condition. As noted, the state argues that the condition constitutes a waiver of defendant's right to be free from unreasonable searches and seizures; that, in effect, defendant prospectively consented to all police searches and seizures. We do not agree that this type of condition constitutes such a waiver.

In *State v. Wilcox*, 44 Or App 173, 605 P2d 721 (1980), we discussed the execution of a probation condition allowing random searches. There, the defendant's probation order contained a condition requiring that he permit a search of his person or premises at any time by police officers or by his probation officer. The defendant had not appealed the imposition of the condition. The police, suspecting the defendant of having a methamphetamine lab in his home, kept defendant under surveillance and planned a raid of his lab. Relying solely on the condition of probation for its legal authority, police conducted a warrantless search of defendant's home. We held that the seized evidence was admitted erroneously in the probation revocation hearing because the search was without legal justification. The probation condition did not authorize the search, because

"the terms of the condition are directed to defendant's granting or withholding permission; the condition does not purport to authorize police action." 44 Or App at 176.

We next addressed this issue in *State v. Wagner*, 46 Or App 9, 610 P2d 301 (1980), where, as a condition of probation, the probationer's person, vehicle and residence were subject to search at any time by her probation officer or by the police. Again, the probationer did not appeal the imposition of the condition. After an informant told the police about drug activity at the probationer's address, they conducted a search of the probationer's home, relying solely on the probation condition for legal justification. In determining what it was that the probationer had waived as a consequence of the condition, we said:

"The state apparently considers the condition as a self-executing advance consent by the probationer to a general warrantless search. We do not construe the condition so

broadly; rather, *it is an agreement by the probationer to consent to a warrantless search if so requested by her probation officer (or, in the overbroad language, by the police)*; if she refuses, her probation may be revoked." *State v. Wagner, supra,* 46 Or App at 13. (Emphasis supplied.)

The language of the probation condition here is even more specific than that in *Wilcox* and *Wagner,* because it requires that defendant submit to searches *upon request.* We thus conclude that defendant's probation condition was an agreement to consent to a search and not a prospective consent. If defendant was to refuse to consent to a requested search, he would be violating a condition of his probation. The state, however, does not argue, and the record does not show, that defendant's consent was either asked for or given before the police conducted the search. Rather, it relies on the probation condition alone as legal justification for the search. Accordingly, we hold that the search was unlawful and the trial court did not err in allowing defendant's motion to suppress the seized evidence.

Appeal in case number CA A76192, dismissed; case number CA A74297, affirmed.