Submitted on remand from the Oregon Supreme Court May 25, vacated and remanded in part; otherwise affirmed July 26, 1995

## STATE OF OREGON,
*Respondent,*

*v.*

## DEREK JAY CANNON,
*Appellant.*

(C910933CR; CA A75456)

900 P2d 529

Jeff Price argued the cause and filed the briefs for appellant.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

Defendant appealed from his sentence following his conviction for murder. ORS 163.115(1). We affirmed without opinion. *State v. Cannon*, 128 Or App 60, 875 P2d 546 (1994). The Supreme Court has remanded for reconsideration in the light of *State v. Kephart*, 320 Or 433, 887 P2d 774 (1994). *State v. Cannon*, 321 Or 46, 892 P2d 697 (1995). We conclude that defendant's sentence is reviewable.

Defendant pleaded guilty to murder pursuant to a plea bargain. The plea agreement provided that the state would recommend a sentence "according to grid block 11-H of the Sentencing Guidelines and no greater sentence." The trial court, however, in an attempt to deal with the apparent inconsistencies between the sentence required to be imposed by ORS 163.115(4)[1] and the guidelines, sentenced defendant under the requirements of both the statute and the guidelines. The court imposed an indeterminate life sentence under ORS 163.115(4)(a), a 125-month determinate sentence, consistent with grid block 11-H, with a 10-year restriction on release pursuant to ORS 163.115(4)(b), and a life term of post-prison supervision pursuant to OAR 253-05-004(1).[2]

■ We first conclude that under *Kephart*, defendant's sentence is reviewable. Defendant's sentence was not the result of a "stipulated sentencing agreement" under ORS 138.222(2)(d),[3] because the court did not sentence defendant in accordance with the plea agreement as required by ORS 135.407. *Kephart*, 320 Or at 436; *see State v. Barrett*, 134 Or App 162, 894 P2d 1183, *rev den* 321 Or 340 (1995).

---

[1] At the time that defendant was sentenced, ORS 163.115(4) was numbered ORS 163.115(3).

[2] OAR 253-05-004(1) provides:

"The term of post-prison supervision for an offender serving a life sentence pursuant to * * * ORS 163.115 shall be for the remainder of the offender's life, unless the [state Board of Parole and Post-Prison Supervision] finds a shorter term appropriate. In no case shall the term of supervision be less than three years."

[3] The amended version of ORS 138.222(2)(d), which uses the terms "stipulated sentencing agreement," is applicable here. *State v. Kephart*, 320 Or 433, 436, 887 P2d 774 (1994).

We next turn to the merits. Defendant argues that the trial court erred in imposing the indeterminate life sentence under ORS 163.115(4)(a), the 10-year minimum sentence under ORS 163.115(4)(b) and the life term of post-prison supervision. He contends that the court was required to sentence him exclusively under the guidelines to a determinate term of imprisonment of 122 to 128 months, consistent with grid block 11-H, with a three-year term of post-prison supervision under OAR 253-05-002(2).

The state agrees that, under the Supreme Court's decision in *State v. Morgan*, 316 Or 553, 856 P2d 612 (1993), the sentencing guidelines do supersede the requirement of ORS 163.115(4)(a) to impose an indeterminate life sentence on a murder conviction. Consequently, the trial court erred in imposing the indeterminate life sentence. The state contends, however, that the remainder of the sentence imposed is proper. We agree. In *Morgan*, the court held that the guidelines did not supersede the minimum sentence provisions of ORS 163.115(4)(b) and (c). 316 Or at 557-58. Accordingly, the 10-year minimum sentence was proper.

■ The state also argues that the court's imposition of the life term of post-prison supervision was not error. Again, the Supreme Court so held in *Morgan*. *Id*. at 560. Therefore, the trial court acted within its authority in imposing the 10-year minimum sentence and the life term of post-prison supervision. We remand for entry of corrected judgment deleting the life sentence. *State v. Bivens*, 127 Or App 83, 871 P2d 486, *rev den* 319 Or 149 (1994).

Indeterminate sentence vacated; remanded for entry of corrected judgment; otherwise affirmed.