Argued and submitted February 28; resubmitted In Banc July 10, CA A86845 affirmed; convictions in CA A86950 affirmed and remanded for resentencing August 28, 1996

STATE OF OREGON,
*Respondent,*

*v.*

PATRICIA GAYLENE BROWN,
aka Patricia Gaylene Hoeper-Brown,
*Appellant.*

(10-94-09154, 10-94-06855; CA A86845 (Control), A86950)

923 P2d 1236

In Banc

Peter Gartlan, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

LANDAU, J.

Leeson, J., concurring.

**LANDAU, J.**

Defendant appeals her convictions for first-degree burglary in these two consolidated cases. She challenges the sentences in one of the two cases, arguing that the trial court erred in imposing the determinate sentencing required by ORS 137.635, which applies when a defendant who has been convicted of one of a number of enumerated felonies "has been previously convicted" of one or more of those felonies. We affirm the convictions and remand for resentencing in one case.

In CA A86845, defendant was charged with, among other things, one count of first-degree burglary, ORS 164.225, which is one of the crimes listed in ORS 137.635. In CA A86950, defendant was charged with, among other things, five more counts of first-degree burglary. Defendant pleaded guilty to all six of the first-degree burglary counts.

The trial court first sentenced defendant on the first-degree burglary charge in CA A86845. It imposed a presumptive sentence of 36-months probation. Because defendant apparently had not been previously convicted of any of the felonies listed in ORS 137.635, the trial court did not apply that statute.

The trial court then sentenced defendant on the five first-degree burglary charges in CA A86950. The court determined that, at that point, defendant had been previously convicted of a crime listed in ORS 137.635, so it imposed determinate sentences in accordance with the terms of that statute.

Defendant appeals, challenging the court's imposition of sentences under ORS 137.635 on the five counts of first-degree burglary in CA A86950. Defendant does not challenge the sentence imposed in CA A86845. The state asserts that defendant's claim of error is not reviewable, and, if it is reviewable, it is not well taken.

We first address the state's argument that defendant's claim of error is not reviewable. According to the state, whether the trial court erred in applying ORS 137.635 is not reviewable for two reasons. First, the state argues that,

under ORS 138.222(1), only a "sentence" is subject to appellate review, and, in the state's view, the imposition of a determinate sentence in accordance with ORS 137.635 is not a "sentence." Second, the state argues that, even if the trial court's decision to apply ORS 137.635 is part of defendant's "sentence," the claim of error remains unreviewable under ORS 138.222(2)(a), which precludes appellate review of any sentence that is within the presumptive range established by the sentencing guidelines. In this case, the state contends, defendant's sentences on each of the five counts of first-degree burglary in CA A86950 fall within the presumptive guidelines sentence. Defendant asserts that her claim of error is reviewable under ORS 138.050(1), which permits review of "the disposition" of her case to determine whether it "exceeds the maximum allowable by law."

■ We do not agree with the state's assertion that defendant's claim of error is not reviewable. First, the determination that defendant is subject to ORS 137.635 is part of the sentence. *State v. Shafer*, 116 Or App 667, 668, 843 P2d 462 (1992), *rev den* 315 Or 644 (1993) ("[t]he provisions of ORS 137.635 that were included in the sentence are that defendant will serve the sentence without parole, temporary leave or reduction in sentence"); *see also State v. Cannon*, 135 Or App 561, 563, 900 P2d 529 (1995) (reviewing 10-year restriction on release imposed under ORS 163.115(4)(b), which applies to a defendant convicted of murder); *State v. Burch*, 134 Or App 569, 571, 896 P2d 10 (1995) (reviewing imposition of post-prison supervision as a part of the sentence); *State v. Davis*, 134 Or App 310, 314, 895 P2d 1374 (1995) (reviewing imposition of costs of investigation as a part of the defendant's sentence); *State v. Stokes*, 133 Or App 355, 357, 891 P2d 13 (1995) (reviewing requirement that sentences be served consecutively as a part of the defendant's sentence).

■ Second, the portion of defendant's sentence relating to the application of ORS 137.635 is not within the "presumptive sentence" under ORS 138.222(2)(a). In that statute, the "presumptive sentence" refers to the length of the sentence shown in the appropriate sentencing guidelines gridblock, not other aspects of a sentence. Thus, in *State v. Marquez*, 139 Or App 379, 381-82, 912 P2d 390 (1996), we held that the portion of a sentence relating to restitution was subject to

appellate review, even though the term of the defendant's incarceration fell within the presumptive sentence in the sentencing guidelines. *Accord State v. Thompson*, 138 Or App 247, 250 n 2, 908 P2d 329 (1995); *see also State v. McFee*, 136 Or App 160, 162, 901 P2d 870, *rev allowed* 322 Or 362 (1995), *rev dismissed as improvidently allowed* 323 Or 662 (1996) (imposition of post-prison supervision is not a part of the "presumptive sentence"). Similarly, in *Stokes*, we held that the trial court's decision to require that presumptive sentences be served consecutively is subject to appellate review. *Stokes*, 133 Or App at 357.

In this case, although the length of incarceration on each of the five counts of first-degree burglary falls within the applicable presumptive sentences under the guidelines, the trial court's determination that, under ORS 137.635, defendant is not eligible for any reduction in the sentence has nothing to do with the presumptive sentences under the guidelines and is, therefore, reviewable. The state offers no other arguments as to why review is not appropriate under ORS 138.050(1), permitting review of the trial court's "disposition" to determine whether it "exceeds the maximum allowable by law," and we are aware of none. We proceed, therefore, to the merits of defendant's appeal.

We conclude that defendant's claim of error is controlled by our decision in *State v. Allison*, 143 Or App 241, 923 P2d 1224 (1996). Accordingly, the trial court erred in applying ORS 137.635.

CA A86845 affirmed; convictions in CA A86950 affirmed and remanded for resentencing.

**LEESON, J.,** concurring.

I concur in this case for the same reasons stated in my concurrence in *State v. Allison*, 143 Or App 241, 256, 923 P2d 1224 (1996).

Deits, Riggs and De Muniz, JJ., join in this concurring opinion.