STATE OF OREGON,
*Respondent,*

*v.*

HOWARD YOUNG,
*Appellant.*

(CR 90-338; CA A69967)

851 P2d 626

Dan Maloney, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Youlee Yim You, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor

General, and Richard D. Wasserman, Assistant Attorney General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Defendant appeals from an order of restitution following his conviction for second degree theft. ORS 164.045. We affirm.

Defendant admitted that he was unlawfully in possession of a trailer rented by Rainier Express from Southern Pacific Railroad. Rainier Express' damages resulting from the theft amounted to $6,963.89. That included the cost to clean, repair and transport the trailer, and a bill from Southern Pacific for *per diem* rental, plus a ten percent penalty. The court ordered restitution in an amount not to exceed $6,963.89, contemplating that Rainier might successfully negotiate a reduction of the bill for rental and penalty from Southern Pacific.

■  A restitution order beyond that authorized by statute exceeds the maximum allowable by law. *State v. Anderson*, 113 Or App 416, 420, 833 P2d 321 (1992). The court's order of restitution was authorized by ORS 137.106(1), which provides, in part:

> "When a person is convicted of criminal activities which have resulted in pecuniary damages * * * the court may order that the defendant make restitution to the victim."

"Pecuniary damages" are

> "all special damages, but not general damages, which a person could recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities * * *." ORS 137.103(2).

■  Defendant argues that his restitution exceeds that authorized by ORS 137.106(1), because the daily rental charges and the ten percent penalty were not properly charged to Rainier and could not have been recovered in a civil action against defendant. The contract between Southern Pacific and Rainier provides:

> "In the event of loss, theft or irreparable damage to the trailer, not otherwise covered by the agreement, user agrees to pay railroad company the reproduction cost of the trailer. *Rental charges shall cease from the date railroad company is notified trailer is stolen*, totally destroyed or irreparably damaged." (Emphasis supplied.)

Defendant interprets the emphasized language to mean that Rainier "is absolved of responsibility to pay per diem charges" that accrued after it reported the theft to Southern Pacific. However, the court found that irrespective of any contractual problems, Southern Pacific would charge Rainier the amount ordered by the court as restitution:

> "How the figure was arrived at by Southern Pacific is something of a mystery to me, *but there's no question they're going to nick Rainier for that*." (Emphasis supplied.)

The finding is supported by the testimony of Rainier's owner. We find no error.

Affirmed.