Argued and submitted October 31, 2003, reversed and remanded for resentencing; otherwise affirmed June 2, 2004

## STATE OF OREGON,
*Respondent,*

*v.*

## BRETLEY ALBERT WILSON,
*Appellant.*

00C-42911; A115630

92 P3d 729

Daniel M. Carroll, Deputy Public Defender argued the cause for appellant. With him on the opening brief was David E. Groom, Acting Executive Director, Office of Public Defense Services. With him on the reply brief were Peter A. Ozanne, Executive Director, Office of Public Defense Services, and Peter Gartlan, Chief Defender.

Paul L. Smith, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

ORTEGA, J.

## ORTEGA, J.

Defendant appeals from a judgment of the trial court that required him to pay $5,000 to the Oregon Department of Corrections, Fugitive Apprehension Unit, as restitution for his conviction for escape. We reverse and remand for resentencing.

■      An order or judgment for restitution is a sentence. *State v. Edson*, 329 Or 127, 130 n 1, 985 P2d 1253 (1999). We review the judgment for restitution to determine whether the trial court complied with the requirements of law in imposing the sentence. ORS 138.222(4)(a); *State v. Hart*, 329 Or 140, 144, 985 P2d 1260 (1999).

The following facts are undisputed. While serving a 50-month sentence for second-degree robbery, defendant walked away from his assigned inmate work crew at the Oregon Garden near Silverton. After his escape, defendant was tracked by the Fugitive Apprehension Unit and by the Federal Bureau of Investigation. During the 11 months he was at large, defendant contacted the Fugitive Apprehension Unit at least three times indicating that he wanted to turn himself in but never actually did. He finally was recaptured after he was featured on the television program "America's Most Wanted."

After his recapture, defendant appeared with counsel and pleaded no contest to escape. The trial court imposed a 36-month prison term to run consecutively with his previous sentence and to be followed by 24 months of post-prison supervision. The court also imposed restitution payable to the Fugitive Apprehension Unit in the amount of $5,000 for its labor expenses associated with tracking and apprehending him.

Restitution is statutorily defined as payment to a victim for pecuniary damages that resulted from the defendant's criminal activity. ORS 137.106(1). Defendant contends that the state did not suffer pecuniary damages and that, therefore, restitution was improperly ordered. We agree.

■ ORS 137.106(1) permits a court to order a defendant to pay restitution to the victim when the defendant "is convicted of a crime * * * that has resulted in pecuniary damages." "Pecuniary damages" include "all special damages, but not general damages, which a person could recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities * * *." ORS 137.103(2). Here, as a result of defendant's escape, the Department of Corrections (DOC), through the Fugitive Apprehension Unit, incurred expenses to locate and apprehend him. However, those expenses cannot be considered "pecuniary damages" because the record discloses no facts giving rise to a theory of civil liability under which they could be recovered from defendant. *See State v. Dillon*, 292 Or 172, 182-83, 637 P2d 602 (1981) (payments by the state Adult and Family Services Division (AFS) for medical expenses incurred by the defendant in an altercation with police, which resulted in the defendant's conviction, could not be considered pecuniary damages for which restitution could be ordered because AFS could not recover those payments under any theory of civil liability).

The state relies on cases in which we allowed recovery of restitution for labor costs incurred in repairing damage caused by a defendant. *See State v. Lindsly,* 106 Or App 459, 461-62, 808 P2d 727 (1991) (affirming a restitution award requiring the defendant to pay a telephone company for investigation expenses it incurred after the defendant fraudulently gained access to the company's computer network); *State v. Louden,* 101 Or App 367, 369-70, 790 P2d 1182 (1990) (affirming a restitution award requiring the defendant to pay for labor and service expenses incurred by a power company in repairing an electricity meter after the defendant tampered with it). However, in those cases, the defendant would have been civilly liable for the expenses at issue. *See Lindsly,* 106 Or App at 461 n 1. Here, by contrast, ORS 423.020(1)(c) requires the DOC to "[e]xercise custody over those persons sentenced to a period of incarceration." The work of the Fugitive Apprehension Unit, which the state concedes is regularly maintained by the DOC, appears to be included within that charge. The DOC's statutory obligation to exercise custody over incarcerated persons—which includes returning them

to custody in the event of an escape—prevents those persons from incurring civil liability for the expenses of doing so.[1] *Cf. Dillon,* 292 Or at 182-83 (AFS's statutory obligation to pay the defendant's medical expenses prevented the defendant from incurring civil liability for those expenses).

Moreover, the DOC is statutorily forbidden from recovering as costs "expenditures in connection with the maintenance and operation of government agencies that must be made by the public irrespective of specific violations of law." ORS 161.665(1). Accordingly, we have held that "the regular salaries of law enforcement officers involved in an investigation and the ordinary overhead expenses of maintaining a police agency" may not be recovered as costs, "principally because they are incurred irrespective of specific violations of law." *State v. Heston,* 74 Or App 631, 634, 704 P2d 541 (1985); *see also State v. Fuller,* 12 Or App 152, 157, 504 P2d 1393, *rev den* (1973), *aff'd,* 417 US 40, 94 S Ct 2116, 40 L Ed 2d 642 (1974) (the salaries of district attorneys and sheriffs, juror fees, and costs of police investigations are not recoverable as costs).

Like the expenses at issue in *Dillon* and *Heston,*[2] the labor costs incident to the operation of the Fugitive Apprehension Unit are incurred irrespective of specific violations of law. The record does not indicate that defendant's escape caused the DOC to incur expenses other than the regular salaries of its employees. Indeed, the state's evidence regarding expenses traceable to defendant's conduct consists only of testimony from a Fugitive Apprehension Unit officer who made a "conservative guess" about time spent to apprehend defendant and multiplied that by her hourly rate. Such expenses, which are incurred irrespective of specific violations of law, are no more recoverable as restitution than they

---

[1] Indeed, ORS 423.093 makes this explicit with regard to at least a portion of the DOC's expenses, forbidding it from "seek[ing] reimbursement for expenses incurred in safekeeping and maintaining prisoners through a counterclaim or request for setoff in an action by a person against [the DOC]."

[2] *Dillon,* 292 Or at 182-83 (AFS was required by the statute to make available medical assistance to needy persons like the defendant); *Heston,* 74 Or App at 633-35 (the regular salaries of Department of Justice employees involved in a criminal investigation and ordinary overhead expenses are not recoverable from a convicted defendant).

are recoverable as costs under ORS 161.655. Because the expenses at issue are not recoverable under any theory of civil liability, the trial court lacked authority to impose restitution.

ORS 138.222(5) provides that, "[i]f the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellant court shall remand the entire case for resentencing." Where the sentencing court "failed to comply with the requirements of law in imposing * * * a sentence," ORS 138.222(4)—as the trial court did here—it has committed an "error that requires resentencing" within the meaning of ORS 138.222(5). *Edson*, 329 Or at 138-39 (holding that an error in imposing a restitution award required remand for resentencing and that, in general, the ORS 138.222(5) requirement that the entire case must be remanded for resentencing "applies to all errors for which review is authorized by ORS 138.222(3) and (4)"). Because there remain sentencing options that the trial court rejected in favor of imposing restitution but permissibly could adopt on resentencing, this is a case that "requires resentencing." *See Edson,* 329 Or at 139.

Reversed and remanded for resentencing; otherwise affirmed.