ARMSTRONG, P. J.
*463 Defendant appeals a supplemental judgment of restitution. In awarding restitution, the trial court concluded that defendant could not challenge the legality of an award to CARES Northwest because he had stipulated in his plea agreement to pay restitution. We conclude that the plea agreement limited restitution to the economic damages caused by defendant's criminal conduct and that defendant did not waive through his guilty plea his right to challenge the factual or legal basis of the state's restitution request. As a result, the trial court erred when it refused to consider defendant's challenge to the legality of the restitution award. Hence, we reverse and remand.
Defendant pleaded guilty to one count of first-degree criminal mistreatment. ORS 163.205. In the plea agreement that formed the basis of defendant's guilty plea, the parties stipulated to a sentence that included probation, anger management, parenting classes, forfeiture of all seized evidence, and payment of fines and attorney fees. The district attorney's plea offer included a checked box indicating that the state could pursue restitution in an "[a]mount [to be determined] per ORS 137.106(1)(a)." The plea agreement included a boilerplate clause limiting defendant's right to appeal to challenges in which "[defendant] can make a colorable showing that the sentence exceeds the maximum allowed by law or is unconstitutionally cruel and unusual."
The judge left restitution open after defendant entered his guilty plea. See ORS 137.106(1)(a) (trial court may allow up to 90 days after the entry of a judgment for the district attorney to investigate and present evidence of economic damages requiring restitution). When the judge asked the prosecutor if he thought that the state would pursue restitution in the case, the prosecutor replied "I don't have a feeling one way or the other. Your Honor, I could put in that the State has been asking for the CARES eval[uation] to be paid for."
The trial court subsequently held a restitution hearing. At the beginning of the hearing, the prosecutor told the court that the parties had stipulated that defendant's *464 sentence would include restitution and that the purpose of the hearing was to have the court tell defendant that he had two options: he could *698 pay the restitution that the state had requested or he could withdraw his guilty plea and proceed to trial. Defendant responded that he was not challenging whether his sentence could include restitution but was challenging the state's request for restitution for the CARES evaluation because it sought an award that could not legally constitute restitution under ORS 137.106(1)(a). Defendant argued that, by entering his guilty plea under the parties' plea agreement, he had agreed that the court could determine lawful restitution, but he had not agreed to pay whatever amount the state put forward as restitution. The court accepted the state's view of the plea agreement and told defendant that, if he challenged the imposition of restitution, that would mean that the parties had not reached a "meeting of the minds" and, therefore, the plea agreement was invalid. When presented with the choice to pay restitution in the amount sought by the state or to withdraw his guilty plea, defendant chose to pay restitution. The trial court then entered a supplemental judgment awarding restitution to CARES Northwest and to Family Care Inc.
"We review sentencing decisions, including restitution orders, for errors of law." State v. Noble , 231 Or. App. 185, 189, 217 P.3d 1130 (2009). The restitution statute at issue in this case, ORS 137.106, provides, as relevant:
"(1)(a) When a person is convicted of a crime *** that has resulted in economic damages, the district attorney shall investigate and present to the court *** evidence of the nature and amount of the damages. *** If the court finds from the evidence presented that a victim suffered economic damages, *** the court shall enter a judgment or supplemental judgment requiring that the defendant pay the victim restitution in a specific amount that equals the full amount of the victim's economic damages as determined by the court."
"For a trial court to enter a lawful restitution order, the state must establish that the defendant participated in criminal activities, the victim of the criminal activities sustained economic damages, and there is a causal relationship between the two." State v. Rock , 280 Or. App. 432, 436, 380 P.3d 1084 (2016)
*465 . The state has the burden of proving the requirements for an award. State v. Ixcolin-Otzoy , 288 Or. App. 103, 104, 406 P.3d 100 (2017). "Economic damages" are defined by statute as, among other things, "objectively verifiable monetary losses including but not limited to reasonable charges necessarily incurred for medical, hospital, nursing and rehabilitative services and other health care services." ORS 31.710(2)(d) ; ORS 137.103(2)(a) (the term "economic damages" "[h]as the meaning given that term in ORS 31.710, except that 'economic damages' does not include future impairment of earning capacity"). Economic damages are further limited to monetary losses that "could be recovered against the defendant in a civil action arising out of the facts or events constituting defendant's criminal activities." State v. Dillon , 292 Or. 172, 182, 637 P.2d 602 (1981).
The state first argues that defendant's challenge to the restitution award was not preserved, because defendant failed to object at his plea hearing to an award of restitution and ultimately withdrew the objection that he had raised at the restitution hearing. "To preserve an argument for appellate consideration, the party must provide the trial court with an explanation of his or her objection that is specific enough to afford the court the opportunity to analyze any alleged error." Ixcolin-Otzoy , 288 Or. App. at 108, 406 P.3d 100. Preservation requirements vary depending on the nature of the claim or argument, but the touchstone is procedural fairness to the parties and the trial court. Id. (citing Peeples v. Lampert , 345 Or. 209, 219-20, 191 P.3d 637 (2008) ).
We reject the state's preservation argument because defendant's objections at the restitution hearing were sufficient to preserve the issue for appeal. We are not persuaded by the state's contention that defendant was required to object at the plea hearing to an award of restitution before the state had submitted its restitution request.
We also conclude that defendant did not withdraw at the restitution hearing his objection to an award of restitution. After defendant objected, the trial court ruled *699 against his objection and gave defendant a take-it-or-leave-it choice regarding restitution. The fact that defendant selected one of the choices does not mean that he withdrew or abandoned *466 his objection. Rather, defendant selected between the two options presented to him by the court. We do not understand his decision to do that to mean that he agreed to withdraw his objection. Furthermore, when defendant later attempted to make an objection for the record, the trial court replied, "No you can *** submit your-your [appeal] on it." We would be hard pressed to conclude that the trial court lacked an opportunity to consider the alleged error when the trial court refused to hear defendant's objection and told him to raise it on appeal.
The state next argues that defendant cannot challenge the legality of the restitution award, because the parties stipulated in the plea agreement that defendant would pay restitution, and defendant's plea was expressly conditioned on that stipulation. Contract law generally controls the interpretation of plea agreements. State v. Heisser , 350 Or. 12, 23, 249 P.3d 113 (2011). We begin by examining the text of the disputed provision in the context of the entire plea agreement. Id. at 25, 249 P.3d 113. Whether a contractual provision is ambiguous is a legal question; if the provision is unambiguous, the unambiguous meaning of the provision controls. Id. at 25-26, 249 P.3d 113.
The parties agreed in their plea agreement that defendant would pay restitution in an "[a]mount [to be determined] per ORS 137.106(1)(a)." Because ORS 137.106(1)(a) limits restitution to economic damages that could be recovered against the defendant in a civil action arising out of his criminal activity, we conclude that the restitution provision in the plea agreement unambiguously indicates that the parties agreed that defendant would be subject to an award of restitution for economic damage caused by his criminal conduct. Dillon , 292 Or. at 182, 637 P.2d 602.
That is not the end of our inquiry, however, because defendant's argument is that costs incurred by CARES Northwest were not economic damages and, therefore, were not recoverable under ORS 137.106(1)(a). The state asserts that defendant is barred from making that argument because defendant agreed in the plea agreement to pay any restitution award that the trial court ordered.
*467 The Supreme Court's analysis in Heisser is helpful in resolving whether defendant was barred from challenging the state's restitution request on the ground that the request sought an award that was contrary to law. In Heisser , the defendant signed a plea agreement that left the state free to seek upward departure sentences. 350 Or. at 14, 249 P.3d 113. At sentencing, defendant challenged as untimely the state's notice of intent to seek an upward departure sentence. Id. The trial court concluded that the plea agreement barred that argument, and the fact that the parties disagreed about that meant that there had been no meeting of the minds, and, therefore, the plea agreement was invalid. Id. The Supreme Court disagreed, because "the state's entitlement to seek upward departure sentences was no guarantee that the court would impose them" and nothing in the agreement prohibited the defendant from challenging mistakes that the state had made in seeking such a sentence or limited the arguments that the defendant could make against departure sentences. Id. at 27, 249 P.3d 113 ; see also ORS 42.230 ("In the construction of an instrument, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted[.]"). In essence, "the state was free to seek upward departure sentences, and defendant was free to oppose them . * * * The trial court was free to evaluate both parties' arguments based on the applicable law and to rule accordingly." Id . (emphasis in original).
Similarly here, defendant agreed to pay restitution but did not waive any challenge to unlawful restitution. Specifically, by agreeing to pay restitution in accordance with ORS 137.106(1)(a), defendant maintained the right to seek to limit an award of restitution to that which the statute permitted-viz. , an award of economic damages. Hence, the trial court erred by denying defendant the opportunity to challenge the legality of the proposed award.
*700 The state finally contends that defendant waived his right to appeal the restitution award. The plea agreement included a provision by which defendant waived his right to appeal the judgment unless he could make a colorable showing that his sentence exceeded the statutory maximum *468 or was unconstitutionally cruel and unusual. However, a "restitution order beyond that authorized by statute exceeds the maximum allowable by law." State v. Young , 119 Or. App. 470, 472, 851 P.2d 626 (1993). Because defendant challenged the trial court's restitution order on the ground that it was not authorized by ORS 137.106(1)(a), defendant has made a more than colorable showing that the restitution judgment exceeded the maximum allowable by law. Therefore, defendant maintained his right to appeal the trial court's supplemental restitution judgment notwithstanding his guilty plea.
Accordingly, we reverse and remand for the trial court to conduct a new restitution hearing.
Reversed and remanded.