Argued and submitted May 7, 2019, reversed October 14, 2020

In the Matter of L. G. S.-S.,
a Youth.
STATE OF OREGON,
*Respondent,*

*v.*

L. G. S.-S.,
*Appellant.*

Washington County Circuit Court
17JU03029; A166243

475 P3d 922

Youth appeals from a supplemental judgment awarding restitution to Safeco Insurance. At youth's adjudication hearing, the state did not request any restitution. At a later dispositional hearing, the state indicated that restitution would be requested, but did not present any evidence and did not identify the victim or victims seeking restitution. At a later restitution hearing, the state sought restitution for Safeco Insurance. Youth argues that the juvenile court erred in awarding restitution to Safeco Insurance, because the state violated the timing requirement in the juvenile restitution statute. *Held*: The court erred in awarding restitution to Safeco Insurance, because the state did not meet the timing requirement in the juvenile restitution statute, ORS 419C.450, which requires the state to present restitution evidence "prior to or at the time of adjudication."

Reversed.


Michele C. Rini, Judge pro tempore.

Christa Obold Eshleman argued the cause for appellant. On the reply brief was also Youth, Rights & Justice.

Shannon T. Reel, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Powers, Judge, and Linder, Senior Judge.

ORTEGA, P. J.

Reversed.

**ORTEGA, P. J.**

In this juvenile delinquency proceeding, youth appeals from a supplemental judgment that awarded restitution to Safeco Insurance in the amount of $2,184.86.[1] At youth's adjudication hearing, the juvenile court accepted youth's plea agreement with the state, which identified six victims of youth's conduct, and entered an order adjudicating youth to be within its jurisdiction. The state did not present any evidence supporting restitution at that time. At a later dispositional hearing, the state indicated that restitution would be requested, but again did not present any evidence and did not identify the victim or victims seeking restitution. At the later restitution hearing, the state sought restitution for Safeco Insurance, which was not one of the victims identified at adjudication. Youth argues, among other things, that the juvenile court erred in awarding restitution to Safeco Insurance, because failing to identify a victim for restitution purposes until after youth's adjudication violated the timing requirement in ORS 419C.450. Based on our recent case, *State v. M. A. S.*, 302 Or App 687, 462 P3d 284 (2020), we conclude that awarding restitution to Safeco Insurance violated the timing requirement in ORS 419C.450, and, therefore, we reverse the supplemental judgment.

In five petitions, the state sought to bring youth within the jurisdiction of the juvenile court for committing acts that, if committed by an adult, would constitute three counts of first-degree burglary, three counts of first-degree theft, one count of second-degree theft, one count of third-degree theft, one count of first-degree criminal trespass, and one count of harassment. By plea agreement, youth admitted to two counts of first-degree burglary, and, in exchange, the remaining counts would be dismissed. The plea included a "victim list," which listed six victims of youth's conduct. Safeco Insurance was not included in the victim list.

---

[1] The separate judgment awarding restitution to Safeco Insurance is labeled "Money Judgment." We refer to it throughout this opinion as a supplemental judgment, because "Money Judgment" is not a type of judgment recognized in the juvenile restitution statute. ORS 419C.450.

At the pretrial hearing in which youth submitted his plea, youth admitted to liability for restitution on all of the counts, including the ones that were dismissed, but did not stipulate to any amounts as the state had not proposed any. The court accepted youth's admissions and found him within the jurisdiction of the court. With regard to restitution, the state represented that it was not anticipating restitution in the case. The case was then set for a separate dispositional hearing to be held in about two weeks. The court signed and entered the order adjudicating youth to be within the jurisdiction of the court, which order was located on the bottom of the plea agreement.

At the dispositional hearing, for the first time, the state indicated that restitution would be sought, when youth requested a restitution hearing based on his attorney being told there was a restitution request. However, the court was not aware of any request and the state did not provide any evidence to the court on the amount being requested or for which victim or victims. The only representation made by the state was that it was "in the works right now with the insurance company." After ordering youth's disposition, the court set a date for a restitution hearing. The court then entered a jurisdiction and disposition judgment that set a time for the restitution hearing to be held in about five weeks. The same victim list that was attached to the plea agreement and adjudication order was attached to that judgment.

The state then requested restitution for Redding, who was a victim identified in the judgment, and for Safeco Insurance, which was not a victim identified in the judgment. Youth stipulated to the restitution requested for Redding but objected to any restitution award for Safeco Insurance. Among other things, youth argued that adding a victim and a restitution request after adjudication violated ORS 419C.450. The court rejected youth's argument, reasoning that a victim did not need to identify their insurance company at the time of adjudication, because an insurance company request is based on subrogation rights for a victim's loss and is not a different loss. The court entered a supplemental judgment awarding Safeco Insurance restitution in the amount of $2,184.86.

On appeal from that supplemental judgment, youth argues that the state's request for restitution for Safeco Insurance violated the timing requirement in ORS 419C.450, and, thus, the court could not make an award of restitution to Safeco Insurance.

ORS 419C.450 provides, in part:

"(1)(a)   It is the policy of the State of Oregon to encourage and promote the payment of restitution and other obligations by youth offenders as well as by adult offenders. In any case within the jurisdiction of the juvenile court pursuant to ORS 419C.005 in which the youth offender caused another person any physical, emotional or psychological injury or any loss of or damage to property, the victim has the right to receive prompt restitution. *The district attorney shall investigate and present to the court, prior to or at the time of adjudication, evidence of the nature and amount of the injury, loss or damage.* If the court finds from the evidence presented that a victim suffered injury, loss or damage, in addition to any other sanction it may impose, the court shall:

"(A)   Include in the judgment a requirement that the youth offender pay the victim restitution in a specific amount that equals the full amount of the victim's injury, loss or damage as determined by the court; or

"(B)   Include in the judgment a requirement that the youth offender pay the victim restitution, and that the specific amount of restitution will be established by a supplemental judgment based upon a determination made by the court within 90 days of entry of the judgment. In the supplemental judgment, the court shall establish a specific amount of restitution that equals the full amount of the victim's injury, loss or damage as determined by the court. The court may extend the time within which the determination and supplemental judgment may be completed for good cause. The lien, priority of the lien and ability to enforce a specific amount of restitution established under this subparagraph by a supplemental judgment relates back to the date of the original judgment that is supplemented."

(Emphasis added.) Thus, the timing requirement in ORS 419C.450 requires the state to present its restitution evidence "prior to or at the time of adjudication." If the court finds from that evidence that the victim suffered an injury,

loss, or damage, then the court is required to include in the judgment that the youth pay restitution to the victim.

We recently addressed the timing requirement in ORS 419C.450 in *M. A. S.* In that case, as here, the hearing in which the juvenile court found jurisdiction over youth occurred before a later dispositional hearing. At the later dispositional hearing, the state sought restitution for the victim. The youth objected to the imposition of any restitution because ORS 419C.450 requires the state to present restitution evidence prior to or at the time of adjudication. The juvenile court concluded that the adjudication of youth did not end until the judgment of jurisdiction and disposition was entered and awarded the requested restitution. *M. A. S.*, 302 Or App at 692.

We reversed, concluding that the juvenile court lacked authority to award the restitution. In construing ORS 419C.450, we concluded that the term "adjudication" in that statute meant the "determination of jurisdiction over a youth based on a finding of delinquency." *Id.* at 705. As such, the state was required by ORS 419C.450 to present its restitution evidence before the court concluded the adjudicatory hearing. By the time of the dispositional hearing in that case, it was too late for the state to seek restitution.

That holding in *M. A. S.* controls this case. At the time that youth was adjudicated—when the court accepted youth's plea and found him within its jurisdiction—the state did not present evidence to the court of injury, loss, or damage to Safeco Insurance. To be sure, the state at that time had not even identified Safeco Insurance by name as a victim and had represented to the court that it did not expect any restitution requests. We do not address whether the fact that Safeco Insurance had subrogation rights to a named victim has any bearing on the timeliness of a restitution request, because the state also did not timely request restitution for that named victim in this case. Because the state did not meet the timing requirement in ORS 419C.450 to seek restitution for Safeco Insurance, the court could not award it in the supplemental judgment.

Reversed.