692        February 14, 2024        No. 93

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of R. D. M.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

R. D. M.,
*Appellant.*

Douglas County Circuit Court
21JU01475; A177754

Jason R. Thomas, Judge pro tempore.

Argued and submitted October 25, 2023.

Christa Obold Eshleman argued the cause for appellant. Also on the briefs was Youth, Rights & Justice.

Patricia G. Rincon, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

**PAGÁN, J.**

In this juvenile delinquency proceeding, youth appeals from a supplemental judgment awarding restitution in the amount of $2,638.25 for the victim's medical bills and broken glasses. The juvenile court asserted jurisdiction over youth for conduct that if committed by an adult would constitute fourth-degree assault. The juvenile court entered a judgment of jurisdiction and disposition on July 27, 2021, and, after restitution hearings, the juvenile court entered a supplemental judgment adding the restitution amount on December 10, 2021. In a single assignment of error, youth argues that the juvenile court erred in awarding restitution because the presentation of restitution evidence was untimely. For the reasons explained below, we reverse the restitution award.

"We review a restitution order for legal error and are bound by the juvenile court's factual findings if they are supported by any evidence in the record." *State v. C. A. M.-D.*, 312 Or App 1, 3, 493 P3d 55, *rev den*, 368 Or 637 (2021). We review questions of statutory interpretation for legal error. *State v. M. A. S.*, 302 Or App 687, 698-99, 462 P3d 284 (2020) (citing *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009)).

ORS 419C.450(1)(a)[1] provides, in part:

"In any case within the jurisdiction of the juvenile court pursuant to ORS 419C.005 in which the adjudicated youth caused another person any physical, emotional or psychological injury or any loss of or damage to property, the victim has the right to receive prompt restitution. The district attorney shall investigate and present to the court, prior to or at the time of adjudication, evidence of the nature and amount of the injury, loss or damage."

Thus, the timing requirement in ORS 419C.450(1)(a) requires the state to present its restitution evidence "prior to or at the time of adjudication."

In *M. A. S.*, 302 Or App at 705, we determined that "adjudication is a determination of jurisdiction over a youth

---

[1] ORS 419C.450 was amended in 2021. *See* Or Laws 2021, ch 489, § 72. Those amendments do not affect our analysis, so we refer to the current version of the statute.

based on a finding of delinquency[.]" In that case, the state presented its restitution evidence at the disposition hearing, which occurred about two months after the adjudication hearing. *Id.* at 691-92. We concluded that the state's presentation of its restitution evidence was untimely because the state failed to present that evidence "before the court signed and entered the minute order that concluded the adjudicatory phase of the proceeding." *Id.* at 705. Similarly, in *State v. L. G. S.-S.*, 307 Or App 208, 212, 475 P3d 922 (2020), we reversed a supplemental judgment awarding restitution because the state failed to present restitution evidence, or even request restitution, at the adjudication hearing.

Here, youth contends that the juvenile court erred in awarding restitution because the district attorney failed to present restitution evidence before the juvenile court determined youth to be within its jurisdiction, which occurred at a combined adjudication and disposition hearing on July 15. The state responds that a district attorney can present restitution evidence "at any point before the adjudication determination is memorialized in a written order." The July 15 hearing occurred before a referee, and the referee's letter opinion and proposed judgment of jurisdiction and disposition was entered on July 27, and later signed by a judge on August 17. The parties do not dispute that, at the latest, the time of adjudication was July 27.

We need not decide whether "prior to or at the time of adjudication" in ORS 419C.450(1)(a) means the conclusion of the adjudication hearing, as youth contends, or whether it means when the adjudication determination is memorialized in a written order or judgment, as the state contends. Even if the state's position is the correct one, which we do not decide, the record indicates that the district attorney failed to present "evidence of the nature and amount of the injury, loss or damage" on or before July 27.

On July 15, the victim testified regarding the nature of the injuries he sustained as a result of youth's assaultive conduct. Youth admitted punching the victim in the face, and youth stated that the victim's glasses "flew off." Thus, the district attorney presented evidence of the *nature* of the victim's injury, loss, or damage on July 15, but the

district attorney did not present evidence of the *amount* of the injury, loss, or damage at that time. Instead, evidence of the amount was presented at a restitution hearing on August 19.

To be sure, toward the end of the combined adjudication and disposition hearing that occurred on July 15, the district attorney argued that defendant should be required to pay restitution in the amount of $2,552.06 for the victim's medical bills and broken glasses. In addition, on July 21, the district attorney filed a "Restitution Schedule" identifying the amount of restitution as $2,638.25 for the victim's medical expenses. But those requests or statements were not evidence of the amount of the injury, loss, or damage. *See State v. Stull*, 296 Or App 435, 440, 438 P3d 471 (2019) ("Evidence for the consideration of a factfinder at trial consists of the testimony and demeanor of witnesses while under oath and exhibits received into evidence. Statements by individuals in the courtroom, even parties, are not 'evidence' when those statements are not given while a person is under oath on the witness stand."). Instead, the state first presented evidence of the restitution amount on August 19, when the court heard testimony from the victim's mother and received exhibits regarding bills for the victim's medical costs. Whether adjudication occurred on July 15 or July 27, by August 19, the restitution evidence was untimely because it was not presented "prior to or at the time of adjudication" as required by ORS 419C.450(1)(a).

In arguing that it complied with the statute, the state relies on ORS 419C.450(1)(a)(B), which provides, in part, that if the court finds from the evidence presented that a victim suffered injury, loss or damage, then it can "[i]nclude in the judgment a requirement that the adjudicated youth pay the victim restitution, and that the specific amount of restitution will be established by a supplemental judgment based upon a determination made by the court within 90 days of entry of the judgment." The state argues that inherent in that provision is the court's authority to hold a restitution hearing to determine the specific amount of restitution after entry of the judgment.

Certainly, by its plain terms, ORS 419C.450(1)(a)(B) provides a mechanism to establish the "specific amount" of restitution after adjudication.  Nevertheless, ORS 419C.450(1)(a) requires the state to present some evidence of the nature and amount of the injury, loss, or damage prior to or at the time of adjudication. Here, the record indicates that the district attorney failed to do so on or before July 27. Consequently, the state failed to comply with ORS 419C.450(1)(a), and the restitution evidence was untimely.

Supplemental judgment reversed; otherwise affirmed.