116                  October 8, 2025                  No. 877

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. P.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

A. P.,
*Appellant.*

Deschutes County Circuit Court
23JU02700; A182652

Owyhee Weikel-Magden, Judge pro tempore.

Submitted August 13, 2025.

Erica Hayne Friedman and Youth, Rights & Justice filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

O'CONNOR, J.

Affirmed.

**O'CONNOR, J.**

In this juvenile delinquency case, youth appeals from a supplemental judgment and challenges the juvenile court's imposition of a restitution award. The juvenile court awarded restitution to youth's high school for damages caused by a fire youth started at the school.

Youth raises a single assignment of error on appeal, challenging the juvenile court's order that she pay the high school $5,821.97 in restitution. She argues that the state's restitution evidence was untimely, that she did not waive an objection to the untimely presentation of the restitution evidence, and that the high school's labor costs cannot be awarded as restitution. The state responds that it timely presented restitution evidence and that the juvenile court correctly included the school's labor costs as part of the restitution award. We affirm.

Whether a youth waived their right to contest restitution and whether a juvenile court erred in concluding that damages qualify as restitution both present legal questions that we review for errors of laws. *See State v. R. D. M.*, 330 Or App 692, 694, 544 P3d 425 (2024) (review of restitution order in juvenile delinquency matter); *see also State v. Minor*, 297 Or App 461, 464, 443 P3d 695 (2019) (reviewing restitution waiver issue for legal error in an adult criminal case). We are bound by the juvenile court's fact findings if they are supported by evidence in the record. *R. D. M.*, 330 Or App at 694.

The state filed a delinquency petition in which it alleged that youth was within the jurisdiction of the juvenile court for committing four acts that would constitute criminal offenses if committed by an adult. The four acts all arose from youth starting a fire or fires at her high school on a single day. Prior to the juvenile court taking jurisdiction over youth, the state filed in the court a one-page document titled "Victim Restitution Information," in which the state asserted that youth owed the high school $5,821.97 in restitution.

The parties reached a negotiated resolution. As part of the agreement, at a hearing on August 3, 2023,

youth asked the court to permit her to enter a "no contest" admission to one count of reckless burning, an act that would violate ORS 164.335 if committed by an adult. The court agreed, and it asked the state to summarize the evidence it would present if the case proceeded to trial. The state described the factual bases for the reckless burning allegation and said that "the total damage was valued to be $5,821.97 with the damage, the school operations and clean up and (inaudible) have to take the kids home." The court asked the state if that was "likely to be the final restitution number[.]" The state replied, "I believe so[.]" Youth agreed that the state could present that evidence and that a judge could believe "that those things happened[.]" The court accepted the no contest admission to reckless burning and found youth within the court's jurisdiction.

At the disposition hearing on August 17, 2023, youth told the court that the parties would "need a hearing to address the issue of restitution." A community justice officer from the Juvenile Department recommended that the court extend the supervision term "just a bit" to help facilitate youth's restitution payment. The state explained that restitution would be about $6,000, and it asked the court to schedule a restitution hearing approximately 30 days later to allow it time to obtain the documents and attempt to resolve restitution with youth's attorney. Youth's mother told the court that she was "a little worried about restitution[.]" Youth agreed on a date for the restitution hearing that was about 30 days later, and the court scheduled the hearing.

On September 11, 2023, the state filed an amended victim restitution information worksheet that asserted that youth owed the school $8,027.78 in restitution. The court held a restitution hearing on September 18, 2023, at which the parties made many of the same arguments they raise on appeal and the state presented evidence of the school's damages. A school employee testified about the costs of the school's response to the fire and attempted fire and the costs of repairing the damage. The court admitted into evidence a spreadsheet created by the employee that tracked the costs, including labor costs. The court continued the hearing to permit the parties to file memoranda on the contested issues.

The juvenile court held another hearing on September 28, 2023. At the conclusion of that hearing, the court ruled that youth had admitted at the jurisdictional hearing that the state could prove youth owed $5,821.97 in restitution. The juvenile court concluded that it could rely on that admission when imposing restitution. It also concluded that the state had established that youth's conduct caused $8,027.78 in economic damages but it imposed a restitution award of $5,821.97 because the state did not timely present evidence of the greater amount. The juvenile court entered a supplemental judgment and money award that requires youth to pay the high school $5,821.97 in restitution. This appeal followed.

The state must present to the juvenile court evidence of the nature and amount of restitution owed by a youth "prior to or at the time of adjudication[.]" ORS 419C.450(1)(a). The state must present that evidence before the juvenile court rules that a youth is within the juvenile court's jurisdiction. *State v. M. A. S.*, 302 Or App 687, 703-05, 462 P3d 284 (2020).

In this case, the juvenile court's findings at the jurisdictional hearing and its reliance on those findings when imposing restitution require us to reject youth's assignment of error. Youth admitted at the jurisdictional hearing that the state could present evidence that she caused the high school $5,821.97 in damages, youth knew that the state believed that was the final amount of restitution and youth told the court that it could so find. Youth's admission relieved the state of its burden to present evidence of the nature and amount of $5,821.97 in restitution to the school. *See State v. Porter*, 202 Or App 622, 626-27, 123 P3d 325 (2005) (explaining that a stipulation and a judicial admission are "statement[s] [made] for the purpose of dispensing with the need for proof," that waive a party's "right to require the other party to prove a particular fact.").

The juvenile court accepted the admission and found youth within its jurisdiction. The juvenile court's finding based on youth's admission satisfies the timing requirement in ORS 419C.450(1)(a). Youth's admission at the jurisdictional hearing also waived her right to contest

the restitution award of $5,281.97. The juvenile court correctly concluded that it "gets to rely on" youth's admission when imposing restitution. *See Porter*, 202 Or App at 627 (explaining that a stipulated fact is conclusively proven and can be withdrawn only for fraud, mutual mistake, or the actual absence of consent). The juvenile court refused to include the additional amount of restitution sought by the state after the jurisdictional hearing because youth had not admitted to that amount. The court imposed only the amount of restitution that youth admitted the state could prove and that the court could find.

Youth argues that our decision in *State v. L. G. S.-S.*, 307 Or App 208, 475 P3d 922 (2020), requires us to reverse. That case, youth argues, stands for the rule that "the state's failure to present the required restitution *evidence* before the adjudication is complete renders any subsequent restitution order unlawful under ORS 419C.450(1)(a)," even when a youth has entered an admission. We understand youth's point to be that the state's representation at the jurisdictional hearing of the amount of damages was not evidence and thus the state failed to comply with ORS 419C.450(1)(a) in this case. *L. G. S.-S.* is distinguishable from this case, as the juvenile court concluded and as the state argues on appeal.

In *L. G. S.-S.*, at the jurisdictional hearing, the state told the court that it did not expect to request restitution, and it had provided no information about the nature and amount of damages. *Id.* at 210. The youth admitted liability for restitution on all counts. *Id*. The state presented evidence of economic damages to an insurance company at a later hearing, and the court imposed restitution over the youth's objection that the late request violated ORS 419C.450. *Id*. at 210. We reversed, concluding that the state had failed to meet the timing requirement in ORS 419C.450 because "[a]t the time that [the] youth was adjudicated *** the state did not present evidence to the court of injury, loss, or damage to" the insurance company. *Id*. at 212.

Here, the state filed a notice that alleged that youth owed the high school $5,812.97 in restitution. Youth admitted that the state could present evidence that her conduct caused the high school that amount in damages and that

a court could so find. Youth's admission and the juvenile court's acceptance of it at the jurisdictional hearing satisfied the requirement in ORS 419C.450(1)(a). Unlike in *L. G. S.-S.*, the nature and amount of damages to the victim was established at the time of adjudication.

We acknowledge that at the subsequent disposition hearing both youth and the state asked the court to schedule a restitution hearing. Those requests indicated that the parties believed there were outstanding issues concerning restitution for the court to resolve. And there were, as we summarized above. But the parties' after-the-fact characterization of the adjudication hearing or their misunderstanding of the legal effect of youth's admission does not alter what occurred at the adjudication hearing. Youth waived her argument that the $5,821.97 in damages were not economic damages to the high school.

We would affirm even if we were to reach the merits of youth's argument that the school's labor costs did not constitute economic damages. The juvenile court concluded at the restitution hearing that the state established that the high school's damages constituted economic damages that the court could impose as restitution.

The definition of restitution that applies in criminal cases, ORS 137.103(3), also applies in juvenile delinquency proceedings.[1] ORS 419A.004(29); *State v. J. M. E.*, 299 Or App 483, 486, 451 P3d 1018 (2019). We agree with the state that the evidence presented at the restitution hearing allowed the juvenile court to find that youth's conduct in setting the fires required the school to divert employee time and resources from other duties, causing the school to incur monetary losses. Those monetary losses qualify as economic damages under the criminal restitution statute.

Labor costs constitute economic damages caused by a youth's conduct that would be criminal if committed by an adult when those costs would not have been incurred "irrespective of specific violations of the law." *State v. Carachuri*, 330 Or App 443, 446-48, 544 P3d 410, *rev den*, 372 Or 588

___

[1] ORS 137.103(3) provides, "'Restitution' means full, partial or nominal payment of economic damages to a victim. Restitution is independent of and may be awarded in addition to a compensatory fine awarded under ORS 137.101."

(2024) (holding that labor costs incurred by a county when repairing damage to a guardrail caused by the defendant constituted economic damages within the meaning of the criminal restitution statute even though the county would have paid the same wages if the defendant had not damaged the guardrail); *State v. Marquez*, 139 Or App 379, 384, 912 P2d 390, *rev den*, 323 Or 483 (1996) (affirming a restitution award for a county's labor costs for employees to fix damage to the county's computer system caused by the defendant's criminal conduct because the defendant's criminal conduct caused the county to divert employee resources to fix the damage); *see also State v. Lindsly*, 106 Or App 459, 461-62, 808 P2d 727 (1991) (affirming restitution award to a telephone company for investigation expenses incurred after the defendant fraudulently gained access to the company's computer network); *State v. Louden*, 101 Or App 367, 369-70, 790 P2d 1182 (1990) (affirming restitution award for a power company's labor and service expenses for repairing damage to an electrical meter caused by the defendant). In that circumstance, a youth would be civilly liable for the expenses. The labor costs and expenses thus constitute economic damages that a court may impose as restitution.

By contrast, labor costs incurred "irrespective of specific violations of the law" are not economic damages caused by a youth's conduct that would be criminal if committed by an adult and may not be imposed as restitution. *See Carachuri*, 330 Or App at 447 (explaining that principle in the context of adult restitution). For example, when a defendant escaped from custody while serving a prison sentence, the labor costs of the Department of Corrections Fugitive Apprehension Unit in apprehending the defendant were "not recoverable under any theory of civil liability[.]" *State v. Wilson*, 193 Or App 506, 511, 92 P3d 729 (2004). We thus reversed a trial court judgment imposing a restitution award for those costs. *Id*. Similarly, the costs associated with delinquency investigations or prosecutions do not qualify as economic damages caused by a youth's conduct and may not be recovered as restitution. *See Carachuri*, 330 Or App at 447 (adult restitution; citing *State v. Herfurth*, 283 Or App 149, 158-59, 388 P3d 1104 (2016), *rev den*, 361 Or 350

(2017) and *State v. Mann*, 329 Or App 279, 288-94, 540 P3d 582 (2023)).

Here, the high school's labor costs qualify as economic damages. Like in *Carachuri*, *Lindsly*, *Louden*, and *Marquez*, the trial court relied on evidence that youth's conduct in starting a fire at the school caused school employees to respond to the fire and repair the damage caused by it. Those costs were not incurred irrespective of specific violations of the law. The costs were incurred because of youth's conduct and would be recoverable in a civil proceeding for damages arising out of youth's conduct. Accordingly, the juvenile court did not err when it imposed $5,281.97 in restitution to the school.

Affirmed.