Argued and submitted September 28, reversed and remanded for resentencing November 25, 1987, reconsideration denied March 25, petition for review denied April 19, 1988 (305 Or 577)

# STATE OF OREGON,
*Respondent,*

*v.*

# MAURICIO ZUNIGA RODRIGUEZ,
*Appellant.*

(86-60077; CA A41989)

745 P2d 811

George W. Kelley, Eugene, argued the cause and filed the brief for appellant.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant was convicted of driving while under the influence of intoxicants in violation of ORS 813.010. He appeals the trial court's order requiring him to pay restitution for automobile collision damages caused by his criminal activity, despite the fact that he had settled the claim with the victim's insurance company before he was convicted. ORS 137.103 to ORS 137.109.

While under the influence of intoxicants defendant caused an automobile collision. The driver of the damaged vehicle was insured by State Farm Insurance Company, which gave defendant notice of a subrogation claim for $622.32. State Farm wrote defendant's interpreter that it was "willing to accept a lump sum payment of $400 as *full reimbursement*" (emphasis supplied) of the claim. Defendant paid $400.

Defendant was later convicted of driving under the influence. Although informed of defendant's payment, the trial court nevertheless included restitution in defendant's sentence, with the amount to be determined after the state had submitted its restitution schedule. The schedule stated that $40 was due the victim to remunerate him for payment toward the deductible and that $207 was due State Farm. Defendant concedes that the $40 for the victim is proper but challenges the $207 to be paid State Farm. The trial court denied defendant's objection. We reverse.

ORS 137.103(3) defines restitution as "payment of pecuniary damages to a victim." ORS 137.103(2) defines "pecuniary damages" as "all special damages * * * which a person could recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities * * *." Defendant argues that, because the statute limits the type and amount of restitution to that which could be recovered as special damages in a civil action and the settlement would have barred such an action, it should also act as a bar to further restitution. We agree.

Although the Supreme Court in *State v. Dillon*, 292 Or 172, 179, 637 P2d 602 (1981), cautioned that restitution, in this context, must be understood as an aspect of criminal law, it held that the civil law concepts incorporated in the restitution process serve as a limitation on criminal sentencing authority:

"The court does not have authority to require whatever recompense it deems would have rehabilitative and deterrent effect. Its authority is limited to what would otherwise be special damages recoverable in civil proceedings by specified persons or entities." 292 Or at 180.

The $207 ordered to be paid to State Farm would not be recoverable in a civil action after the settlement.

Defendant recognized the relationship between his criminal activity and the damage caused to the victim, evidenced by his settlement before his conviction and his willingness to reimburse the victim's $40 expense in meeting the insurance policy's deductible provision.[1] We hold that the purpose of restitution under the statutory scheme has been satisfied by this defendant.

Reversed and remanded for resentencing consistent with this opinion.

---

[1] In explaining the definition of "restitution" in HB 2012, which eventually became ORS 137.103 to ORS 137.109, legal counsel to the Interim Committee on the Judiciary stated:

"[T]he point of the definition of restitution is a red flag to the courts that restitution does not mean restitution in full or partial restitution. It's any form of restitution that brings home to the defendant that they damaged an individual and they should make some sort of recompense to the individual." Minutes, House Committee on Judiciary 12 (April 29, 1977).

The Supreme Court, in *State v. Hart,* 299 Or 128, 138, 699 P2d 1113 (1985), reiterated that the purpose of ordering restitution is not to provide full compensation of all damages to victims of crime:

"Rather, the restitution is to be ordered only as it is relevant in correcting defendant's behavior and as a step to accomplishing the traditional goals of sentencing, such as rehabilitation of the defendant and deterrence to impress upon the defendant the seriousness and cost of his offense."