Argued and submitted June 11, 2021; supplemental judgment reversed in part, remanded for resentencing, otherwise affirmed June 15, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEVEN DAVID RIVERMAN,
*Defendant-Appellant.*

Multnomah County Circuit Court
18CR85038; A172709

513 P3d 13

Defendant appeals from a supplemental judgment imposing restitution, following his convictions for fourth-degree assault and recklessly endangering another person. Defendant asserts, among other arguments, that the trial court plainly erred in imposing restitution for the victim's hospital and chiropractic expenses because there was insufficient evidence to demonstrate that those expenses were reasonable. The state concedes that the trial court plainly erred but contends that the Court of Appeals should not exercise its discretion to correct that plain error. *Held*: The court accepted the state's concession that the trial court plainly erred in imposing restitution for the hospital and chiropractic expenses when the state did not establish that those expenses were reasonable, and the court exercised its discretion to correct the error.

Supplemental judgment reversed in part; remanded for resentencing; otherwise affirmed.

Leslie M. Roberts, Judge.

Emily P. Seltzer, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Gregory A. Rios, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

POWERS, J.

Supplemental judgment reversed in part; remanded for resentencing; otherwise affirmed.

**POWERS, J.**

In this criminal case, defendant appeals from a supplemental judgment imposing restitution, following his convictions for fourth-degree assault and recklessly endangering another person. Defendant asserts, among other arguments, that the trial court plainly erred in imposing restitution for the victim's hospital and chiropractic expenses because there was insufficient evidence to demonstrate that those expenses were reasonable. He does not challenge the restitution awarded for lost wages. The state concedes that the trial court plainly erred in imposing restitution for the hospital and chiropractic expenses but contends that we should not exercise our discretion to correct that plain error because it would severely undermine the purposes of preservation. For the following reasons, we agree with the parties that the trial court plainly erred in imposing restitution for the hospital and chiropractic expenses when the state did not establish that those expenses were reasonable, and we exercise our discretion to correct the error. That conclusion obviates the need to address defendant's remaining arguments. Accordingly, we reverse the supplemental judgment in part, remand for resentencing, and otherwise affirm.

We review a trial court's legal conclusions regarding restitution for legal error. *State v. Benz*, 289 Or App 366, 368, 409 P3d 66 (2017). In so doing, we are bound by the trial court's findings of fact if they are supported by any evidence in the record. *State v. Lobue*, 304 Or App 13, 16, 466 P3d 83, *rev den*, 367 Or 257 (2020). We recount the facts in accordance with that standard.

Defendant pleaded guilty to and was convicted of fourth-degree assault and recklessly endangering another person after being involved in a car crash that injured the victim. At the restitution hearing, the state presented testimony from the victim and four documents from the victim's insurers and medical providers to support its restitution request. The victim testified about his injuries, medical expenses, and lost wages that resulted from the car crash. He confirmed that he had insurance that had paid for his medical bills, that he had paid his copays, and that the four documents from the insurers and medical providers were

addressed to him. The state's four exhibits consisted of an "Explanation of Benefits" from Providence Health Plans, two "Statement of Accounts" from Legacy Emanuel Hospital, and an "Account Ledger" from the victim's chiropractor. One of the Legacy Emanuel Hospital Statement of Accounts showed that $8,407.91 was "due from patient." The chiropractor's Account Ledger showed a balance of $1,446.98. The state did not present evidence as to the reasonableness of the hospital and chiropractic expenses, and defendant did not argue that the state failed to establish that those expenses were reasonable. Ultimately, the trial court entered a supplemental judgment that imposed $10,589.89 in restitution, which consisted of $8,407.91 in expenses related to the victim's hospital visit, $1,446.98 in chiropractic expenses, and $735.00 in lost wages.

On appeal, defendant challenges the imposition of $8,407.91 in hospital expenses and $1,446.98 in chiropractic expenses. He does not challenge the imposition of $735.00 in restitution for lost wages. In two assignments of error, defendant contends, among other arguments, that the trial court plainly erred in imposing restitution for the hospital and chiropractic expenses because the state did not present sufficient evidence that the amount of those bills was reasonable. He asks us to exercise our discretion to correct that plain error given the gravity of the error and the interests of justice. The state concedes that the trial court plainly erred in imposing restitution because the evidence was insufficient to establish reasonableness. The state asserts, however, that we should decline to exercise our discretion to correct the error because, had defendant alerted the trial court and the state that he was objecting to the reasonableness of the medical bills, the state would have had the opportunity to develop the record on that point.

To qualify for plain-error review under ORAP 5.45, an error must be: (1) an error of law; (2) obvious, *i.e.*, not reasonably in dispute; and (3) apparent on the record without requiring an appellate court to choose among competing inferences. *See, e.g.*, *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). If the three-pronged plain-error test has been satisfied, we then must decide

whether to exercise our discretion to review the error and explain our reasons for doing so. *Vanornum*, 354 Or at 630 (explaining that "discretion entails making a prudential call that takes into account an array of considerations, such as the competing interests of the parties, the nature of the case, the gravity of the error, and the ends of justice in the particular case"). We agree with the parties' assessment that the trial court plainly erred in imposing restitution regarding the hospital and chiropractic expenses because all three criteria have been met. That is, whether the trial court complied with the restitution requirements in ORS 137.106 is a question of law, it is not reasonably in dispute in this case, and we need not go outside the record or choose between competing inferences to conclude that the trial court erred.

There are three prerequisites to a restitution order: (1) criminal activities, (2) economic damages, and (3) a causal relationship between the two. *State v. Pumphrey*, 266 Or App 729, 733, 338 P3d 819 (2014), *rev den*, 357 Or 112 (2015) (analyzing ORS 137.106(1) and ORS 31.710(2)(a) and setting out the requirements for a restitution order). A defendant "may be ordered to pay restitution for a victim's objectively verifiable monetary losses, including 'reasonable' medical and hospital charges that were 'necessarily incurred.'" *State v. Dickinson*, 298 Or App 679, 680, 448 P3d 694 (2019); ORS 31.705; ORS 137.103(2)(a) (generally adopting the definition of "economic damages" in ORS 31.705). At the time of the restitution hearing in this case, there was "no presumption that medical or hospital charges are reasonable."[1] *Dickinson*, 298 Or App at 683. Nor may the sentencing court rely on common sense alone to assess the reasonableness of medical or hospital charges; rather, the state must present sufficient evidence for the court to make a determination on reasonableness that is supported by the evidence. *See State*

---

[1] Although not applicable to this case, ORS 137.106(1) was amended during the 2022 legislative session and will provide, in part:

"(c) At a restitution proceeding, economic damages will be presumed reasonable if the damages are documented in the form of a record, bill, estimate or invoice from a business, health care entity or provider or public body as defined in ORS 174.109."

Or Laws 2022, ch 57, § 1. That amendment will be effective January 1, 2023.

*v. McClelland*, 278 Or App 138, 146-47, 372 P3d 614, *rev den*, 360 Or 423 (2016) (explaining that a "finder of fact cannot be presumed to know what is a 'reasonable' charge for medical services based on [its] own experience and without further evidence, particularly given that many medical services are paid by third parties and insurance companies"). As the state correctly recognizes, given this court's restitution cases, it is obvious that the evidence adduced at the restitution hearing was insufficient to establish reasonableness.

Even where an error is plain, we must further determine whether to exercise our discretion to correct it. *Ailes*, 312 Or at 382. In so deciding, we consider the competing interests of the parties, the nature of the case, the gravity of the error, the ends of justice in the particular case, how the error came to the court's attention, and whether the policies behind the general rule requiring preservation of error have been served in the case in another way. *Id*. at 382 n 6.

In this case, we exercise our discretion to correct the error given the substantial amount of restitution awarded and because the interests of justice weigh against requiring a defendant to pay an obligation that is unsubstantiated by the record. *See State v. Martinez*, 250 Or App 342, 344, 280 P3d 399 (2012) (exercising discretion to correct a plainly erroneous restitution award). The gravity of the error here is substantial: defendant challenges nearly $10,000 in restitution. Further, we see no indication that defendant made a "strategic choice" to reserve his specific arguments for appeal. *See State v. Fults*, 343 Or 515, 523, 173 P3d 822 (2007) (identifying the possibility that a defendant made a "strategic choice" as weighing against the exercise of discretion to review for plain error). Although the state argues that we should decline to exercise our discretion because plain-error review would severely undermine the purposes of preservation, "we have consistently exercised discretion to correct plain errors in restitution awards, even where a defendant's objection below was vague or nonexistent." *Benz*, 289 Or App at 371-72 (collecting cases). Accordingly, we reverse the portion of the supplemental judgment awarding restitution for the victim's hospital and chiropractic expenses, and we remand for resentencing.

Supplemental judgment reversed in part; remanded for resentencing; otherwise affirmed.