360 November 27, 2024 No. 842

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CALVIN THOMAS ROSKELLEY,
*Defendant-Appellant.*

Linn County Circuit Court
18CR26359; A177808

Thomas McHill, Judge.

Argued and submitted January 25, 2024.

Carla E. Edmondson, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Greg Rios, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

In this criminal case, defendant appeals from a supplemental judgment imposing restitution, following his convictions for recklessly endangering another person and reckless driving. In a single assignment of error, defendant argues that the trial court erred in imposing restitution, because the damages sought were not the result of the criminal conduct for which he was convicted. He further argues that the victim's settlements with defendant's insurance carrier and her workers' compensation carrier, SAIF, worked as a bar to the request for restitution. Finally, he contends that the state failed to prove that the economic damages for which the state seeks restitution were reasonably incurred.

The state disagrees with each of defendant's legal challenges to the availability of restitution but concedes that the evidence is insufficient to establish that a portion of the expenses for which it sought restitution were reasonable and necessary. However, the state argues that the error was not preserved and, further, that any error was harmless, because restitution was not actually awarded for those inadequately established expenses.

We review a trial court's legal conclusions regarding restitution for legal error. *State v. Benz*, 289 Or App 366, 368, 409 P3d 66 (2017). In so doing, we are bound by the trial court's findings of fact if they are supported by any evidence in the record. *State v. Lobue*, 304 Or App 13, 16, 466 P3d 83, *rev den*, 367 Or 257 (2020). We recount the facts in accordance with that standard. *State v. Riverman*, 320 Or App 388, 389, 513 P3d 13 (2022).

## I.   THE FACTS

### A.   *The Collision*

RF was driving for work when she was struck from behind by defendant as he was attempting to pass her and other cars. Defendant's car slammed into RF's car, causing the car to spin off the road and into a ditch, injuring RF.

### B.   *Medical Care and Wage Loss*

Emergency responders "extricate[d]" RF from her car before transporting her to the hospital. She sustained

numerous injuries, including a broken arm that required reconstructive surgery using plates and screws, bruises, and scratches, "a large amount of fluid collection" in her thigh, and permanent nerve damage that caused her daily pain. Because those injuries occurred while RF was on the job, SAIF paid her medical expenses at the rate provided under the Workers' Compensation Law fee schedule.

C.   *The Settlement and the Workers' Compensation Claim*

RF reached a settlement of $100,000 with defendant's automobile insurance carrier. SAIF approved and received a percentage of the settlement, as required under the workers' compensation statutes. SAIF's portion of the settlement was $44,389.11. SAIF also entered into a type of settlement, a claim disposition agreement (CDA), with RF, pursuant to which it paid her additional benefits that had not been recovered from defendant's insurer.

SAIF's claims adjuster emailed RF's attorney explaining that the settlement distribution did "not fully reimburse" SAIF and, further, that "SAIF retains all rights to collect any criminal restitution we may be awarded."

D.   *The Criminal Trial and Restitution Claim*

As a result of the accident involving RF, defendant was charged with several offenses. SAIF's claim of restitution arose out of defendant's convictions of two counts of recklessly endangering another person and one count of reckless driving. Defendant was also charged with assault in the fourth degree but was acquitted of that offense.

ORS 137.106(1)(a) provides, in part:

"When a person is convicted of a crime *** that has resulted in economic damages, the district attorney shall investigate and present to the court *** evidence of the nature and amount of the damages."

ORS 137.106(2)(a) provides:

"If the court finds from the evidence presented that a victim suffered economic damages, in addition to any other sanction it may impose, the court shall enter a judgment or supplemental judgment requiring that the defendant pay the victim restitution in a specific amount that equals

the full amount of the victim's economic damages as determined by the court."

Under ORS 137.106, an award of restitution requires three prerequisites: (1) criminal activities; (2) economic damages; and (3) a causal relationship between the two. *State v. Andrews*, 366 Or 65, 69, 456 P3d 261 (2020).

At sentencing, the state informed the trial court that it would request restitution to SAIF for workers' compensation benefits paid to RF for which SAIF had not been reimbursed through the third-party settlement. Defense counsel objected, arguing that, because the jury had acquitted defendant of the assault count, there was no "nexus" to support restitution for RF's injuries. Counsel also argued that restitution was precluded by RF's settlement of her claim with defendant's insurer. The trial court made a finding that causation existed for restitution and that RF suffered damages of "an amount which will be determined by a supplemental judgment after a hearing within 90 days."

At the restitution hearing, the state sought "restitution for a balance that is left on a SAIF claim of $8,102.81." The claims adjuster for SAIF testified that that amount represented a portion of the workers' compensation benefits that the third-party settlement distribution from defendant's insurer did not cover. Expenses that SAIF incurred but that were not recovered from its portion of the settlement proceeds included payments for RC's medical benefits, attorney fees and costs, and other work-related benefits. Defendant objected to restitution and renewed his arguments that SAIF's receipt of a portion of RF's civil settlement from defendant's insurer precluded restitution and that the outstanding balance included non-economic damages not collectable as restitution. The trial court took the matter under advisement and issued a letter opinion granting the state's restitution request in part.

In its letter opinion, the trial court rejected defendant's argument that SAIF's approval of RF's settlement barred recovery of restitution. But the trial court concluded that restitution of the entire $8,102.81 was not warranted, and reduced the award by $3,250.00, which the court attributed to attorney fees, concluding that the record did not establish "that the attorney fees charged by [RF's legal

counsel] were reasonable and necessary." The trial court then noted that defendant did not challenge SAIF's contention that it "suffered economic damage in payment of the medical bills," and awarded $4,852.81 as the portion of the restitution request related to those bills.

## II.   ANALYSIS

On appeal, defendant challenges the imposition of $4,852.81 as restitution to SAIF on three grounds: First, he contends that the trial court erred in imposing restitution for RF's injuries based on his conviction for recklessly endangering another person. Second, he contends that RF's third-party settlement with defendant's insurer precluded SAIF from obtaining restitution for benefits it paid on behalf of RF. Finally, defendant contends that the state failed to prove that SAIF incurred reasonable and necessary economic damages.

A.  *Reckless Endangerment Conviction as a basis for Restitution*

Defendant contends that the trial court lacked the authority to find him responsible under the restitution statute, because the "jury resolved the question of whether defendant was at fault for [RF's] injuries when it acquitted him of fourth-degree assault." Defendant concedes that the trial court has the authority to engage in independent fact-finding to determine the cause of a victim's economic damages—"that is, the relationship between a defendant's criminal activities and the economic damages suffered by the victim." *Andrews*, 366 Or at 70. But he points out that the trial court has no authority to determine "the criminal act that defendant committed." *State v. Carson*, 238 Or App 188, 192, 243 P3d 73 (2010). In essence, defendant argues that the economic damages suffered by RF did not arise out of the offense of reckless endangerment for which he was convicted.

The state responds that a finding by a jury that defendant did not cause RF's injuries by fourth-degree assault did not preclude the trial court from finding that defendant's reckless conduct caused defendant's damages. The state is correct that in determining restitution, "the trial court may consider any evidence that it ordinarily

would at sentencing hearing." *State v. Kirkland*, 268 Or App 420, 425, 342 P3d 163 (2015) (quoting *State v. Sigman*, 141 Or App 479, 483, 919 P2d 45 (1996)).

Defendant argues that there is no nexus between his conviction for reckless endangerment and RF's economic damages. The state responds that defendant's conduct underlying the conviction of reckless endangerment resulted in the actual harm of defendant's collision with the victim. We have held that where the evidence shows that where harm is caused by a defendant's recklessness in driving related to unsafe passing, restitution is appropriate. *State v. Zuniga*, 288 Or App 742, 750, 407 P3d 961 (2017). Here, the trial court expressly found that defendant's recklessness in driving caused RF's injuries and her economic damages subject to restitution. We are bound by the trial court's findings of fact if they are supported by any evidence in the record, *Lobue*, 304 Or App at 16, and they are. Thus, we reject defendant's argument that the reckless endangerment conviction could not support the restitution award.

B. *Third-Party Settlement as a Bar to Restitution*

Citing *State v. Rodriguez*, 88 Or App 429, 431, 745 P2d 811 (1987), *rev den*, 305 Or 577 (1988), defendant posits that, because "restitution is limited to losses a victim could recover as special damages in a civil action, an agreement upon settlement that would preclude a civil action operates as a bar to further restitution." The state responds that *Rodriguez* is distinguishable, in that the victim's insurer in *Rodriguez* had accepted payment from the defendant's insurer as "full reimbursement" for its damages. *Id.* The state is correct. In the case at hand, SAIF provided no such release for the damages it incurred as a result of defendant's criminally reckless conduct. Indeed, SAIF specifically reserved its "rights to collect any criminal restitution we may be awarded." While SAIF approved the settlement under ORS 656.593,[1] that approval did not amount to an acceptance of the settlement as payment in full.

---

[1] As relevant to this case, ORS 656.593 reads, in part:

"(1) If a worker or the beneficiaries of the worker elect to recover damages from an employer or third person, the worker or beneficiaries shall give notice of the election to the paying agency by personal service or by registered

Thus, the trial court retained authority to make findings supported by the evidence and to award restitution that reasonably follows from those findings, notwithstanding SAIFs approval and "so long as the defendant is credited for amounts previously paid." *State v. Thompson*, 138 Or App 247, 254 n 3, 908 P2d 329 (1995). We reject defendant's contention that the third-party settlement barred restitution.

C.  *Reasonableness and Necessity of SAIF's Economic Damages and Harmless Error*

There were two types of expenditures not covered by the third-party settlement for which the state sought restitution: (1) medical bills that SAIF paid on RF's behalf and (2) other claim-related payments, which included payments for RF's workers' compensation attorney's fees. The claim-related payments were part of a CDA between RF and SAIF, in which SAIF agreed to pay RF $9,750 for her nonmedical

---

or certified mail. *** The proceeds of any damages the worker or beneficiaries recover from [a] third person are subject to a lien of the paying agency for the paying agency's share of the proceeds as set forth in this section. *** The total proceeds must be distributed as follows:"(a) Costs and attorney fees incurred must be paid, and the attorney fees may not exceed the advisory schedule of fees established by the Workers' Compensation Board for such actions.

"(b) The worker or the beneficiaries of the worker must receive at least 33-1/3 percent of the balance of the recovery."(c) The paying agency must be paid and retain the balance of the recovery, but only to the extent that the paying agency is compensated for the paying agency's expenditures for compensation, first aid or other medical, surgical or hospital service, and for the present value of reasonably expected future expenditures the paying agency makes for compensation and other costs of the worker's claim under this chapter. *** Other costs *** include assessments for the Workers' Benefit Fund and any compensation that may become payable under ORS 656.273 (Aggravation for worsened conditions) or 656.278 (Board has continuing authority to alter earlier action on claim)."(d) The balance of the recovery must be paid to the worker or the beneficiaries of the worker forthwith. The board shall resolve any conflict as to the amount of the balance that the paying agency may retain.

"(2) The amount the worker or the beneficiaries of the worker retain must be in addition to the compensation or other benefits to which the worker or beneficiaries are entitled under this chapter.

"(3) A claimant may settle any third party case with the approval of the paying agency, in which event the paying agency may accept a share of the proceeds that is just and proper and the worker or the beneficiaries of the worker must receive the amount to which the worker would be entitled for a recovery under subsections (1) and (2) of this section. The board shall resolve any conflict as to what may be a just and proper distribution."

workers' compensation benefits and $3,250 in attorney fees. The state sought restitution for both types of expenditures.

Defendant contends, and the state concedes, that the state did not present sufficient evidence of the reasonableness and necessity of the second type of payments— claim-related payments by SAIF to RF pursuant to the CDA. But the state contends that defendant did not preserve the asserted error and, further, that any error is harmless.

We conclude that the issue was preserved by defendant but that, as the state argues, any error by the trial court in ordering restitution was harmless. The record shows that the awarded restitution was not based on amounts paid under the CDA, but for medical expenses that SAIF covered outside of the CDA. There is no argument by defendant that the state did not establish that those amounts were reasonable or necessary.[2] Thus, defendant's successful argument about the inadequacy of evidence on the reasonableness and necessity of payments made under the CDA is, at best, a pyrrhic victory. Accordingly, we affirm the supplemental judgment's award of restitution.

Affirmed.

---

[2] We note that under ORS 656.236, RF retains the right to lifetime medical care for her extensive and severe injuries, even after signing a CDA. Furthermore, the legislature deems the rate paid under Oregon's medical service fee schedule for workers' compensation injuries to be presumptively reasonable in personal injury protection claims. *See* ORS 742.525(1)(b) (providing that PIP claimants shall be charged "an amount that does not exceed the fee schedules for medical services published pursuant to ORS 656.248"). Arguably, by analogy, the payment of post-CDA bills by SAIF at the rate established for workers' compensation claims would be presumptively reasonable. But we need not resolve that issue in this case.